Strafford
No. 80-005

THE STATE OF NEW HAMPSHIRE

v.

JEAN M. AUBERT

September 17, 1980

*Gregory H. Smith,* acting attorney general (*Brian T. Tucker,* attorney, orally), for the State.

*Fisher, Parsons & Moran,* of Dover (*Robert E. Fisher* orally), for the defendant.

DOUGLAS, J. The principal issue in this case is whether the trial court's jury instruction and failure to grant an instruction constituted reversible error. We hold that it did.

On the evening of December 31, 1978, Armand Aubert, the defendant's husband, attended a New Year's Eve party at a neighbor's home. At approximately 11:15 p.m., the defendant, Jean Aubert, arrived at the party. The defendant carried with her a .38 caliber revolver. She pointed the weapon at her husband and said

"Do you want it now?" Mr. Aubert approached the defendant and grabbed the barrel of the gun with one hand and the back of the defendant's hair with the other. Mr. Aubert continued to hold the defendant by the back of the hair while he reached to open a nearby door. The weapon somehow discharged, and a bullet struck Mr. Aubert in the face.

The Strafford County Grand Jury indicted Jean Aubert and she was tried for attempted first-degree murder, RSA 629:1. The jury found her guilty as charged. The defendant seasonably excepted to the sufficiency of the indictment and opening statement, to certain comments made by the court, to the admission of certain evidence, to portions of the court's instruction, and to its failure to charge as requested. The Trial Court (*Goode*, J.) reserved and transferred all exceptions to this court.

■■ The defendant first argues that the trial court erred in declining to charge the jury concerning the defendant's claim that the shooting was accidental. We agree. A requested charge on a party's theory of defense must be given if such theory is supported by some evidence. Refusal to charge on that defense is reversible error. *United States v. Tashman*, 478 F.2d 129 (5th Cir. 1973); *Swain v. State*, 583 S.W.2d 775 (Tex. 1979); C. TORCIA, 4 WHARTON'S CRIMINAL PROCEDURE § 538 (12th ed. 1975). This principle applies to the defense of accident as well as to other defenses. *People v. Lester*, 406 Mich. 252, 277 N.W.2d 633 (1979); *State v. Martin*, 35 N.C. App. 108, 240 S.E.2d 486 (1978).

There was evidence produced at trial which, if believed by the jury, would support a finding that the shooting was accidental. It was established at trial that the defendant, a right-hander, carried the pistol in her left hand. A weapons expert testified that this indicated that the defendant did not intend to use the pistol. Further evidence indicated that Mr. Aubert initiated the struggle with the defendant. Expert medical testimony concerning entry and exit wounds left by the bullet supported the theory that the shooting might have been accidental. Based on the evidence presented, defense counsel requested the trial court to charge that if "the gun went off accidentally . . . you are instructed to return a verdict of not guilty." Because there was evidence to support this theory of defense, the trial court's refusal to charge the jury about the defense of accident was error.

The defendant next argues that the court's reasonable doubt charge was improper. We agree. The court's definition of reasonable doubt follows:

"Now, the phrase 'reasonable doubt' means exactly what those words imply. It is a doubt based upon reason arising from an impartial consideration of all the evidence offered to you. It is not a doubt which is merely fanciful. It is not a doubt which is speculative. The test you must use is as follows. If you have a reasonable doubt as to whether the State has proved any one or more of the elements of the crime charged, then you will find the defendant not guilty. However, if you find that the State has proved all of the elements of the offense charged beyond a reasonable doubt, then you will return a verdict of guilty.

Now, it is not an object of this rule of proof to impose upon you the duty of looking [sic] or examining this evidence in any strange, peculiar or extraordinary way. *Nor* is it intended by this rule to impose upon the State an *impossible burden* in establishing its case. It is a matter of common knowledge to all of us that *absolute positive certainty* can almost never be attained. But bear in mind, Members of the Jury, that the State is not required to establish guilt beyond *all* doubt. That is not the State's burden. The State is not required to establish guilt to a *mathematical certainty*. That is not the State's burden. *Neither* is the State required to establish guilt to a *scientific certainty*. The State's burden is fully met when it has established guilt beyond a reasonable doubt." (Emphasis added.)

The first paragraph of the court's instruction is virtually identical to the reasonable doubt definition delineated in the model charge suggested by this court in *State v. Wentworth*, 118 N.H. 832, 395 A.2d 858 (1978), and upheld by the federal court in *Tsoumas v. State of New Hampshire*, 611 F.2d 412 (1st Cir. 1980). However, the trial court attempted to further define the concept of reasonable doubt. We have repeatedly criticized such efforts. *See, e.g., State v. Donovan*, 120 N.H. 603, 419 A.2d 1102 (1980).

■ In the instant case, the second paragraph of the court's charge overly favored the prosecution. The trial court instructed that "absolute positive certainty can almost never be attained" but that "the state is not required to establish guilt beyond all doubt." While this statement may not be technically erroneous, very similar language has been criticized for favoring the prosecution.

*See United States v. Shaffner*, 524 F.2d 1021 (7th Cir. 1975). Further, the United States Supreme Court has indicated that the reasonable doubt instruction should impress upon the finder of fact the need to reach a "subjective state of near certitude" on the facts at issue. *Jackson v. Virginia*, 443 U.S. 307, 315 (1979). *See In re Winship*, 397 U.S. 358, 364 (1970). The trial court's repeated emphasis that the State need not establish guilt to a mathematical certainty, and need not establish guilt to a scientific certainty, and need not establish guilt beyond all doubt violated the spirit of that standard.

■ This court designed the model charge to even-handedly define the concept of reasonable doubt. The trial court began with the *Wentworth* model, but thereafter concluded with several statements that can only be described as pro-State, thus creating an imbalance in the reasonable doubt charge. We hold that such imbalance resulted in an impermissible reduction of the prosecution's burden.

This court is acutely aware of the problems inherent in attempting to define an amorphous concept like reasonable doubt. The Court of Appeals for the First Circuit has stated that reasonable doubt is at best a difficult concept to explain to a lay jury. *Dunn v. Perrin*, 570 F.2d 21 (1st Cir. 1978). Judging from the increasing amount of litigation coming to us on the issue, this is an understatement of the difficult task confronting a trial court. Often, attempts to define reasonable doubt result in jury instructions that have been characterized by playwright Channing Pollock as a "grand conglomeration of garbled verbiage and verbal garbage." J. O'Mara, *Standard Jury Charges—Findings of Pilot Project*, 43 PENN B.A.Q. 166 (1972). At least one court sought to avoid such a result by discouraging or even prohibiting their judges from defining reasonable doubt, preferring to let the words define themselves. *See Orrill v. State*, 509 P.2d 930 (Okla. Crim. App. 1973).

Though we acknowledge the difficulty inherent in the task, this court feels strongly that a jury must be given some assistance in understanding the concept. We feel that there is merit in the belief that the definition of reasonable doubt is perhaps the most important aspect of the closing instruction to a jury in a criminal trial. *See Dunn v. Perrin*, 570 F.2d at 25. Because this court is cognizant of the need for a reasonable doubt definition, and at the same time acknowledges the complex problems in attempting to define the concept, we feel that the rationale behind our model charge has become more compelling. Litigation concerning

reasonable doubt charges has mounted. *See State v. Donovan*, 120 N.H. 603, 419 A.2d 1102 (1980). The decisions we are forced to make on a myriad of reasonable doubt definitions requires a difficult, subjective weighing process. This court is determined that decisions in this area should be consistent, and not appear arbitrary or capricious. The use of the model instruction set forth in *Wentworth* will provide a balanced definition of reasonable doubt, will reduce needless litigation, and most importantly will insure the application of a uniform standard for juries weighing the evidence presented in trial courts throughout the State until such time as we adopt pattern jury instructions. For these reasons, we now request that trial judges not add to the model charge set forth in *State v. Wentworth*.

Because the trial court's jury instruction constituted reversible error, it is unnecessary to consider further exceptions made by the defendant. We remand for a new trial consistent with this opinion.

*Remanded for retrial.*

All concurred.