### THE STATE OF NEW HAMPSHIRE

v.

### HAROLD F. GAMARSH

March 7, 1985

*Stephen E. Merrill,* attorney general (*Robert B. Muh,* attorney, on the brief), by brief for the State.

*Joanne S. Green,* assistant appellate defender, of Concord, by brief for the defendant.

DOUGLAS, J.   The defendant, Harold F. Gamarsh, was convicted in Superior Court (*Dunn,* J.) of second degree assault. In this appeal, we are asked to decide whether the trial court's failure to grant requested jury instructions concerning the theory of defense and circumstantial evidence constituted reversible error. We hold that the court erred in failing to instruct the jury on the defense theory, and we accordingly reverse the defendant's conviction.

At approximately 7:30 on the morning of October 25, 1982, the defendant left his home to accompany one of his four children on a school field trip. They drove to the Peterborough Middle School, where they boarded buses for the trip. The buses proceeded easterly along Route 101 through Temple. The defendant, who testified that he had felt ill upon arising that morning, asked the bus driver to let him off the bus because he felt sick. The driver stopped the bus about two miles from the defendant's residence and he made his way home on foot.

Meanwhile, Joe Naylor had arrived at the defendant's residence around 8:20 that morning, intending to spend the day with Ann Gamarsh, the defendant's wife. The two had become romantically involved in 1979, and the defendant was unaware of the relationship

until May of 1982, when he chanced upon a letter from his wife to Naylor. Upon being confronted with her husband's awareness of the relationship, Ann Gamarsh said that she would stop seeing Naylor and try to resolve their problems. In August 1982, the defendant discovered that his wife was still involved with Naylor. Once again, his wife agreed to a reconciliation and an end to her affair with Naylor.

When Naylor arrived at the Gamarsh home on October 25th, he parked in front of the garage, in a position visible from Route 101. He and Ann Gamarsh took her youngest son to nursery school around 8:45 a.m. and returned to the house. Naylor and Ann Gamarsh testified that they used her car, leaving Naylor's in the driveway. Upon returning to the Gamarsh residence, they went upstairs to the master bedroom, got undressed and got into bed.

Unbeknownst to Naylor and Ann Gamarsh, the defendant was in the house. He testified that, upon arriving home, he saw his wife's car in the driveway and called out for her but received no answer. He stated that he went into the bathroom on the first floor and vomited, after which he went upstairs and lay down in his sons' bedroom. According to his testimony, he slept until awakened by the sounds of Ann Gamarsh and Joe Naylor talking and laughing in the master bedroom. He became very angry, grabbed a shotgun, and proceeded to the bedroom. Both the defendant and his former wife testified that the shotgun was routinely kept unloaded.

The facts as to exactly what happened when the defendant entered the bedroom are somewhat confused. It is agreed that Naylor reached for the gun and that the defendant shot him. Naylor received wounds in the right shoulder, neck, chest and face.

The defendant was charged with attempted first degree murder. His first trial, in which the court refused the State's request for instructions on lesser-included offenses, resulted in a mistrial. In the second trial, the jury did receive those instructions and returned a verdict of guilty of second degree assault.

■ The defendant appeals his conviction, alleging that the court erred when it failed to give a requested instruction regarding the defense of accident. We agree. "A requested charge on a party's theory of defense must be given if such theory is supported by some evidence. Refusal to charge on that defense is reversible error . . . . This principle applies to the defense of accident as well as to other defenses." *State v. Aubert*, 120 N.H. 634, 635, 421 A.2d 124, 125 (1980) (citations omitted).

In *Aubert*, we found that there was evidence to support the defendant's theory of accident. We therefore held that the trial court

had erred in refusing to instruct the jury on this theory and reversed the conviction of the defendant for attempted first degree murder for the shooting of her husband. *Aubert, supra* at 635, 638, 421 A.2d at 125–26.

As in *Aubert,* the record in this case contains evidence which supports the defendant's contention that the shooting was accidental. The defendant testified that normally the shotgun was kept unloaded and that on the day in question he did not load it. He further testified that he did not intend to discharge the weapon, but only meant to scare Joe Naylor into leaving his home. The gun went off, according to the defendant, when Naylor "flew" at him from the bed and the defendant stepped back and lost his balance.

█ There was thus "some evidence" of the defendant's theory that the shooting was an accident. It was therefore reversible error for the trial court to refuse to charge on that defense. The fact that the evidence consisted entirely of testimony by the defendant does not change this result.

Given our finding of reversible error on the above issue, we will not reach the defendant's second argument relating to an instruction on circumstantial evidence.

*Reversed.*

All concurred.