Strafford
No. 89-201

# THE STATE OF NEW HAMPSHIRE

## v.

# RICHARD LETOURNEAU

August 24, 1990

*John P. Arnold*, attorney general (*Karen A. Levchuk*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BATCHELDER, J. The defendant, Richard Letourneau, was convicted of one count of felonious sexual assault involving the intentional touching of a person under the age of thirteen for the purpose of sexual arousal or gratification. RSA 632-A:3, III; RSA 632-A:1, IV. On appeal, he contends that the Superior Court (*Nadeau*, J.) erred in refusing to instruct the jury on the defenses of intoxication and accident. We affirm.

The basis of the felonious sexual assault charge was an incident which occurred on the evening of November 9, 1987, while the defendant, Richard Letourneau, was staying at the home of the victim's family in Rochester. After the assault occurred, the victim's father asked the defendant to leave. When he refused, her father called the police and they took the defendant to the police station.

At trial, the victim testified that after the incident occurred but before the police arrived, she saw the defendant try to give her father what she believed to be marijuana. Her belief was based on information she had learned on television and in a class at school. She testified that her father flushed the alleged marijuana down a toilet. The victim further testified that earlier in the evening the defendant "rolled . . . up [the marijuana] and started smoking it," although she neither smelled nor saw smoke.

The victim's mother testified that after November 9, the day of the assault, the defendant called her at work and "said it must have been the rum," although she testified that she did not recall anyone drinking rum that evening.

The defendant's ex-wife testified that the victim's mother told her that the defendant "had been acting wild and crazy" the night of the assault and that she "had to get him out of the house because of the drugs that he was on." One of the officers who had removed the defendant from the house testified that the defendant "acted crazy" that evening, talking about spaceships and lasers.

The defendant's ex-wife testified further that the victim's mother told her that, at the probable cause hearing, the victim had told the judge that the touching could have been an accident. A defense investigator also testified that the victim's mother told her that the touching could have occurred accidentally.

The court instructed the jury that

> "The State also has to prove that if you find sexual contact, that it's contact that was accomplished purposely by the defendant. And that means that the defendant had as its conscious object to cause the sexual contact. That he intended

to touch her private parts or the clothing over her private parts, and he did that with a conscious purpose to do it and that it was intentional. And also that his purpose, his conscious object, was for sexual arousal or gratification."

After the court had finished charging the jury, the defendant's attorney objected to the jury instructions and requested an intoxication instruction, an issue he had raised with the court earlier. He also requested, apparently for the first time, an instruction on accident. The court denied the requests.

On appeal the defendant argues that the trial court erred in refusing to give instructions on intoxication and accident, as there was evidence to support these defenses. The State asserts that the trial court properly declined to give these specific jury instructions because the defendant did not request them until after the jury was charged, while Superior Court Rules 62H and 72 require written requests for jury instructions to be submitted prior to the drawing of the jury. The State also contends that there was insufficient evidence on these matters to warrant specific instructions and that these instructions were unnecessary because the trial court sufficiently charged the jury on the issue of intent.

We agree with the State that the defendant's request for a specific instruction on accident was not made in a timely fashion, although we reject its assertion that all requests for jury instructions must be made before the jury is drawn. Superior Court Rule 62H, to which Superior Court Rule 72 refers, requires written requests to be filed prior to the jury's being drawn, "[i]nsofar as practical," and allows requests to be submitted after the commencement of the trial upon "good cause shown." SUPER. CT. R. 62H. The Superior Court Rules, therefore, anticipate situations where defense counsel may decide to request a specific instruction only after testimony has come out in the course of trial. Requests for instructions must be submitted, however, so as to allow "the trial court . . . ample time to review [them and] to decide whether they should be included in the charge." *State v. Guaraldi*, 124 N.H. 93, 99, 467 A.2d 233, 237 (1983); *see State v. Lister*, 122 N.H. 603, 607, 448 A.2d 395, 398 (1982) (defendant waived right to specific jury instruction where request for specific instruction was untimely, defendant having waited until after court had charged jury).

Here, the defendant did not request an instruction on accident until after the charge was given. There is no evidence in the

record that he raised this issue with the trial court before the jury was charged. Under these circumstances the trial court did not have time to review the requested instruction and to decide whether it should be included in the charge and, therefore, we hold that the request was not made in a timely manner.

■ We reject, however, the State's claim that the defendant's request for an instruction on intoxication was made too late. The defendant requested the intoxication instruction after the charge was given, but evidence in the record suggests that he had raised this issue before the jury was charged. In the course of denying the defendant's requests after the charge was given, the trial court stated, "I told you that if there was evidence that he was smoking marijuana I'd give that instruction . . . ." The trial court was apparently familiar with the defendant's requested instruction at the time this statement was made, a circumstance which supports the conclusion that the defendant had raised the issue earlier in the proceedings. The defendant's request for an intoxication instruction having been made in a timely manner, we therefore turn to the question of whether the trial court erred in denying the requested instruction.

■■ The trial court must grant a defendant's requested jury instruction on a specific defense if there is some evidence to support a rational finding in favor of that defense, *State v. Aubert*, 120 N.H. 634, 635, 421 A.2d 124, 125 (1980); *State v. Caldrain*, 115 N.H. 390, 392, 342 A.2d 628, 629 (1975), but the court has no obligation to use the specific language a party requests, so long as the law is adequately stated, *State v. Saucier*, 128 N.H. 291, 299, 512 A.2d 1120, 1126 (1986). Without evidence to support the defense, however, jury instructions are not grounds for reversal if read as a whole they fairly cover the issues of law in the case. *See id.*; *State v. Bird*, 122 N.H. 10, 15, 440 A.2d 441, 443 (1982).

Here, the intoxication instruction was properly denied, as there was insufficient evidence to support a rational finding of intoxication. The only evidence of marijuana use was the testimony of an arresting officer concerning the defendant's behavior and the testimony of the victim. The victim's testimony, that on the night of the assault she believed she saw the defendant smoke marijuana and that she thought she observed her father flush a bag of marijuana down the toilet, was insubstantial. She was unfamiliar with the drug's use or appearance, having been acquainted with marijuana only through a school course and general television programming. Moreover, she neither saw nor smelled smoke when she allegedly saw the defendant

smoking it. Nor did the arresting officer's testimony support a finding of intoxication, as it spoke to the defendant's behavior and did not specifically allege any drug use.

■ Because there was insufficient evidence to support the defendant's requested instruction, and because the court's instructions adequately covered the legal issues in the case, we hold that the court's refusal to instruct the jury on intoxication was not error.

*Affirmed.*

JOHNSON and HORTON, JJ., did not sit; the others concurred.