Belknap
No. 89-510

THE STATE OF NEW HAMPSHIRE

v.

GEORGE HAST

December 28, 1990

*John P. Arnold*, attorney general (*Tina L. Nadeau*, attorney, on the brief), by brief for the State.

*Rogers J. Lang*, of Manchester, by brief for the defendant.

HORTON, J.   The defendant, George Hast, appeals his conviction for simple assault, *see* RSA 631:2-a, arguing that the Superior Court (*Barry*, J.) erred in denying his request for jury instructions on the issues of defense of another, self-defense and defense of premises. We reverse.

To measure the propriety of the court's denial, we search the record for evidence supporting the defendant's requests. The record shows that on December 24, 1988, the defendant's stepdaughter, Kimberly Kist, and her fiancé, Paul Broussard, were moving out of a trailer home they had been renting from the defendant. In the afternoon, at approximately 3:30 p.m., Kimberly and her fiancé went to the defendant's home to return the trailer key to the defendant and to retrieve some of Kimberly's belongings, stored in the defendant's barn. When Kimberly and Paul approached the house, they overheard the defendant and Mrs. Hast, Kimberly's mother, arguing. According to Mrs. Hast, she and her husband were arguing about whether the defendant would allow Kimberly to retrieve her belongings. When Kimberly rang the doorbell, Mrs. Hast yelled, "If you're not going to let her in, I am."

Mrs. Hast answered the door, and the defendant appeared a moment later. Kimberly told the defendant she had the trailer key and that she wanted to get her things from the barn. The defendant asked if there was heat in the trailer and, upon being informed there was not, refused to return Kimberly's belongings. Mrs. Hast then began to argue with the defendant. During this argument, Kimberly reached through the doorway, grabbed her mother's arm and said, "Mom, you're coming with me." Mrs. Hast either got free of her daughter's grip by herself or the defendant pulled Mrs. Hast back into the house. According to the defendant, Kimberly tried on more than one occasion to pull her mother out the door.

The defendant, in response to Kimberly's actions, opened the door completely and pushed Kimberly out of the doorway. Kimberly and her fiancé claimed that the defendant punched her in the chest with both fists. In any case, Kimberly fell backwards onto the porch, and when she recovered, she went into the house after her fiancé, who was restraining the defendant. Kimberly pulled her fiancé off the defendant, and they left for the police station.

At no time during this tussle did Kimberly attempt to damage the defendant's property. Contrary to the defendant's testimony that Kimberly scratched him "sometime during the ruckus," she testified that she did not threaten, injure or even touch the defendant. Mrs. Hast did say that she noticed a little blood on the defendant's face, but did not see anyone hit the defendant.

Prior to the giving of instructions to the jury, the defendant filed written requests for instructions. One of the requests covered the two statutory justifications of self-defense and defense of another, lumped together in a single request, just as these justifications are combined in RSA 627:4. Another request covered the justification of defense of the premises, as provided in RSA 627:7. The court's charge did not include either of these requested instructions. In a bench conference following the instructions, the court opened the colloquy on the charge by saying, "First of all, the defendant objects to the Court's failure to give the instruction on self-defense or to the instruction on protection of property." The defendant confirmed these objections, made no more objections, and declined to offer further requests. The present appeal is structured claiming error in failure to charge three justification defenses: self-defense, defense of another, and defense of property.

Of these three claims, the claims relating to failure to charge on self-defense and on defense of premises are clearly preserved by the

objection proposed by the court and accepted by the defendant. The court's chosen words did not include "defense of another." We are convinced that the court and the defendant intended that the proposed and adopted objection include the "defense of another" objection under the self-defense objection rubric. The defendant's requests were in a format that had "self-defense" combined with "defense of another." Both claims of justification were in the same paragraph. This format follows the statute (RSA 627:4 Physical Force in Defense of a Person). When an objection to the absence of the instruction on self-defense was proposed, the court intended, and the defendant understood, that objection was being taken to failure to give the entire instruction (self-defense and defense of another), not just the single self-defense justification instruction. Thus, we find all three claims preserved.

■ A requested instruction on a party's theory of defense "must be given if such theory is supported by some evidence," and "[r]efusal to charge on that defense is reversible error." *State v. Aubert*, 120 N.H. 634, 635, 421 A.2d 124, 125 (1980). Where, however, there is simply no evidentiary basis to support the theory of the requested jury instruction, the party is not entitled to such an instruction, and the trial court may properly deny the party's request. *State v. Maya*, 129 N.H. 473, 476, 529 A.2d 389, 391 (1987).

In the present case, the defendant introduced some evidence that would support an instruction on the justification of defense of another. *See* RSA 627:4. The defendant testified that his physical contact with Kimberly was motivated by his desire to protect his wife. The basis for this claim was that Kimberly reached for his wife during the argument and said "you're coming with me." When Kimberly grabbed for her, Mrs. Hast got free of Kimberly's grip and said she was staying. According to the defendant, however, Kimberly attempted to grab his wife repeatedly, and it was as a result of Kimberly's actions toward her that he assaulted Kimberly.

■ A person is entitled to use non-deadly force in defense of another "from what he reasonably believes to be the imminent use of unlawful, non-deadly force by such other person, and he may use a degree of such force which he reasonably believes to be necessary for such purpose." RSA 627:4. If the defendant reasonably believed that Kimberly's actions toward his wife constituted unlawful, unprivileged physical contact, *see* RSA 631:2-a, I(a), then he would have been justified in using such force to protect her. While the evidence on this point is certainly not overwhelming, it nevertheless consti-

tuted some evidence, which was sufficient to have required the requested instruction. *See Aubert supra.* We hold, therefore, that the defendant was entitled to an instruction on the defense of another justification, and the trial court's refusal to charge the jury on this theory of defense was error.

In light of this finding of error, we do not address the failure to charge on the self-defense or defense of premises justifications. In the event of another trial, the need to charge on these justifications will be measured by the evidence adduced at that trial.

*Reversed.*

All concurred.