THE STATE OF NEW HAMPSHIRE

v.

WAYNE KIMBALL

August 17, 1995

*Jeffrey R. Howard*, attorney general (*Sharon J. Fray-Witzer*, attorney, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

THAYER, J. The defendant, Wayne Kimball, was indicted for first and second degree assault. A jury acquitted the defendant of first degree assault and convicted him of second degree assault. The defendant argues that the Superior Court (*O'Neil*, J.) erred when imposing sentence by improperly considering the first degree assault charge. We affirm.

Both indictments arose from a single incident involving the defendant's son. The first degree assault indictment alleged that the defendant knowingly caused bodily injury to his son with a deadly weapon, a stick. The second degree assault indictment alleged that the defendant knowingly caused serious bodily injury to a person under the age of thirteen, his son, by striking him on the legs and right foot. At trial, the State presented evidence that the defendant, angry with his son, struck him twice with a stick. As a result the

victim suffered a broken foot, a broken toe, and bruises on his legs. The defendant testified that, on the evening in question, he struck his son twice on the posterior using his hand, but denied striking his son on the foot and legs with a stick. The jury found the defendant guilty of second degree assault but acquitted him of first degree assault. The defendant was sentenced to a term of one and one-half to five years' imprisonment.

The sole question on appeal is whether the trial court, in sentencing the defendant, improperly relied on the first degree assault charge. The defendant argues that the court found that the defendant had used a deadly weapon in direct contravention of the jury's acquittal on the first degree assault charge of causing bodily injury through use of a dangerous weapon. The State contends that even if the court's statements imply that the court relied on the first degree assault charge, any error was cured by the court's later statements.

■ A trial court has broad discretion "in choosing the sources and types of evidence on which to rely in imposing sentence," *State v. Tufts*, 136 N.H. 517, 519, 618 A.2d 818, 819 (1992) (quotation omitted), and its sentencing decision will not be disturbed absent an abuse of that discretion, *State v. Stearns*, 130 N.H. 475, 493, 547 A.2d 672, 682 (1988).

■■ A trial court abuses its discretion by relying on charges that have been resolved by acquittals. *State v. Cote*, 129 N.H. 358, 376, 530 A.2d 775, 785 (1987). If improper evidence is admitted at sentencing, the sentence imposed must be reconsidered unless the trial court clearly gave that evidence no weight. *State v. Coppola*, 130 N.H. 148, 156, 536 A.2d 1236, 1241 (1987), *rev'd on other grounds sub nom Coppola v. Powell*, 818 F.2d 1562 (1st. Cir.), *cert. denied*, 493 U.S. 969 (1989). In this case, the defendant argues that the trial court's statements at sentencing imply that the court considered the charge of first degree assault of which he was acquitted. The trial court stated that

> the jury believed that this defendant struck his son with that stick.
>
> [Y]ou may be a wonderful person . . . and you could have done an awful lot more damage to your son than you did. . . . So that stick and your anger—and that was it; it was just plain anger—could have struck him somewhere else. It didn't. Thank God. *But that's a deadly weapon as far as I'm concerned*, and that can cause serious bodily injury or death with that stick that you had that night.

That's why you are here, as regrettable as it is, and you've got to be punished accordingly.

(Emphasis added.) The defendant argues that the emphasized language indicates that the court considered the charge on which the defendant was acquitted in determining his sentence.

■ The trial court, however, later expressly stated that it had not considered improper evidence in determining the defendant's sentence. *Cf. State v. Wisowaty*, 133 N.H. 604, 609, 580 A.2d 1079, 1081 (1990) ("[W]e will not presume that the trial court placed no weight upon [improper] evidence in the absence of a statement in the record to that effect."); *Coppola*, 130 N.H. at 156, 536 A.2d at 1241 (sentencing court should indicate that it gave speculative evidence no weight). During a discussion regarding bail that followed sentencing, the defendant's trial counsel stated her belief that the court had improperly considered the defendant's use of a deadly weapon. In response, the trial court said:

Let's get this straight. I'm saying what I think. *I'm not sentencing him on the deadly weapon*, because if it were it would be more than this. I just want you to know that. If it would be a different charge, it would be a first degree assault. So I'm not considering that. [The jury] couldn't say unanimously that it was a deadly weapon. That's consistent. That's the way it works. So I just want you to know that *I'm not sentencing him on the basis of a deadly weapon because he wasn't convicted of that, and I can't and I won't*, but it certainly was . . . something that could inflict some injury, and it did, serious injury.

(Emphasis added.) Even assuming that the court's earlier statement could be construed as implying that the court was considering improper evidence, the later statement makes clear that the court did not consider the defendant's first degree assault charge when imposing sentence. Taken as a whole, the trial court was obviously admonishing the defendant and stating that by using a stick to hit his child, the defendant could have inflicted far greater damage, even death, had he hit his child elsewhere on his body. We hold, therefore, that the trial court did not abuse its discretion when sentencing the defendant.

*Affirmed.*

All concurred.