Belknap
No. 94-671

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL RUSSO

April 4, 1996

*Jeffrey R. Howard*, attorney general (*Janice K. Rundles*, senior assistant attorney general, on the brief and orally), for the State.

*Twomey & Sisti Law Offices*, of Chichester (*Paul Twomey* on the brief and orally), for the defendant.

BRODERICK, J. The defendant, Michael Russo, was convicted on two charges of second degree assault. On appeal, he argues that the Superior Court (*McHugh*, J.) erred: 1) in failing to declare a mistrial after the State questioned the defendant about whether he had made a pretrial statement to the police; 2) in refusing to instruct the jury on the defense of accident; and 3) in making certain statements about the defendant's criminal conduct prior to sentencing. We affirm.

On July 23, 1993, the defendant and Robert Stanton fought in the parking lot of Club Sensation in Laconia. After the fight was broken up, the defendant got into his car and drove into the crowd, striking Stanton and Stanton's friend, James Gentile. The defendant was charged with two counts of second degree assault with a deadly weapon, one count each involving Gentile and Stanton, *see* RSA 631:2, I(b) (Supp. 1995), and conduct after an accident where injury occurred, *see* RSA 264:25 (1993). The jury convicted the defendant on both assault charges but acquitted him of the conduct after an accident charge.

The defendant's first argument on appeal concerns the prosecutor's questions of him on cross-examination. Though the defendant had told the police on the night of the incident that he had not been at Club Sensation, at trial he recounted the events at the scene in some detail. The prosecutor asked the defendant on cross-examination whether he had given the police a statement. Defense counsel objected to the question but stated no grounds in support of the objection. The trial court immediately instructed the jury, *sua sponte*, that "no person is required to make a statement to the police at any time."

The defendant now asserts that the prosecutor's question about his pretrial contact with the police violated his right against self-incrimination under the State and Federal Constitutions, and that in failing to declare a mistrial, the trial court committed reversible error. The State, for its part, maintains that the defendant did not properly preserve this issue for review.

■ We agree with the State that the defendant's claim of mistrial based on self-incrimination was not adequately preserved.

"The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. Brinkman*, 136 N.H. 716, 718, 621 A.2d 932, 934 (1993) (quotation omitted). To afford the trial court "an opportunity to correct an error it may have made," we require that an objection "state explicitly the specific ground of objection." *Id.* (quotation omitted). The defendant failed to meet these requirements: though he objected generally to the prosecutor's question, he never moved for a mistrial before or after the court's *sua sponte* instruction to the jury. Accordingly, we will not consider this argument.

The defendant next challenges the trial court's instructions to the jury. He contends that the court should have instructed the jury on the defense of accident. In declining to do so, the trial court concluded: "Taking all of the testimony from all of the witnesses in a most broad nature in favor of the accident instruction, I simply do not see anything that would allow this jury to consider that accident was part of what took place."

■ Though "accident" is not a recognized defense under the Criminal Code, we have held that an instruction on accident should be given if the theory is supported by some evidence. *See State v. Gamarsh*, 126 N.H. 228, 229, 489 A.2d 157, 158 (1985). The trial court, however, is not required to give an instruction on a particular defense theory when there is an insufficient evidentiary basis for the theory. *See, e.g., State v. Letourneau*, 133 N.H. 565, 568, 578 A.2d 865, 868 (1990) (intoxication instruction properly rejected when "there was insufficient evidence to support a rational finding of intoxication").

■■ In this case, the trial court properly found that there was no evidentiary nexus for an accident instruction. At trial, the defendant agreed that he drove his car into the crowd, asserting that he had no other choice. He also denied that he had hit anyone with the vehicle. As the trial court reasoned, an accident instruction would run directly counter to the defendant's own direct testimony. *See* N.H. CRIMINAL JURY INSTRUCTION 3.01 (accident). Though the defendant did suggest that one of the victims may have been responsible for his own injuries, this suggestion does not support an accident theory so much as it does the defendant's assertion that the victims were lying about the cause of their injuries — which was precisely what he argued to the jury.

■ The record shows that the trial court instructed the jurors on evaluating the credibility of witnesses. The court explained to the jurors that to find the defendant guilty beyond a reasonable doubt,

they had to find that he committed a criminal act with criminal intent. The court also defined for the jurors "recklessly," the criminal intent required for second degree assault. In reviewing the instructions in their entirety, as a reasonable juror would have understood them, and in view of all the evidence, we are persuaded that the instructions fairly covered the issues and the law of the case. *See State v. Plante,* 134 N.H. 456, 460, 594 A.2d 1279, 1282-83 (1991).

The defendant's final argument concerns statements made by the trial court during sentencing. At the sentencing hearing, the trial court stated that "[t]here's no question what [the defendant] did. He knowingly, intelligently and willfully drove his vehicle into a crowd of people because he felt he had been wronged by some people in that crowd." The defendant contends that this statement indicates that in imposing sentence, the court improperly considered evidence of conduct of which he was acquitted.

"A trial court has broad discretion in choosing the sources and types of evidence on which to rely in imposing sentence," and we will not disturb its sentencing decision "absent an abuse of that discretion." *State v. Kimball,* 140 N.H. 150, 151, 663 A.2d 634, 635 (1995) (quotation and citation omitted). Relying upon *State v. Cote,* 129 N.H. 358, 530 A.2d 775 (1987), the defendant asks that we remand this case to the trial court for resentencing. In *Cote,* we held that it is an abuse of discretion for a sentencing court, in fashioning a sentence, to consider, or give the impression that it considered, evidence of charges of which the defendant had been acquitted. *Id.* at 376, 530 A.2d at 785.

The defendant was charged with conduct after an accident where injury occurred. *See* RSA 264:25. The indictment alleged that he left the scene after he was "knowingly involved in an accident" while "knowingly operat[ing] a motor vehicle." The jury acquitted him of this charge, and in imposing sentence the court did not explicitly refer either to the charge or to any of the evidence adduced by the State to support it. Moreover, though the sentencing court stated that the defendant knowingly drove into the crowd, it did not intimate that the defendant knowingly injured either of the victims, or, indeed, that he knowingly committed any other act. We cannot say that its statement was inconsistent with the jury's determination that the defendant had committed assault by acting recklessly.

*Affirmed.*

All concurred.