Rockingham
No. 96-683

THE STATE OF NEW HAMPSHIRE

v.

ALBERT ROSCITI

October 15, 1999

*Philip T. McLaughlin*, attorney general (*Richard J. Lehmann*, attorney, on the brief and orally), for the State.

*Pizzimenti & Immen*, of Concord (*Dennis Pizzimenti* on the brief), and *Twomey & Sisti Law Offices*, of Chichester (*Paul Twomey* orally), for the defendant.

THAYER, J. The defendant, Albert Rosciti, appeals his conviction by jury for robbery, *see* RSA 636:1, I(a) (1996), and second degree assault, *see* RSA 631:2, I(b) (1996). The defendant contends that the Superior Court (*McHugh*, J.) erred by refusing to instruct the jury on the defense of accident. We affirm.

On March 17, 1995, the defendant drove to the T.J. Maxx store in Plaistow. He was observed shoplifting by two loss prevention officers. The loss prevention officers followed the defendant out of the store and shouted at him to stop. Pursued by the two loss prevention officers and two police officers, the defendant fled to his car. The police officers attempted to prevent him from leaving the scene. One of the police officers, Officer Elwell, was injured when the defendant began to drive away while Officer Elwell's arm was still inside the car. Officer Elwell's gun, which he had drawn as the defendant attempted to enter his car, discharged, injuring the defendant.

The defendant challenges the trial court's refusal to instruct the jury on the defense of accident, which states:

> Evidence has been presented that the defendant's acts were accidental. You must find the defendant not guilty if you find that the defendant's acts were accidental. The State has the burden of proving beyond a reasonable doubt that the defendant did not act accidentally; that is, the State must prove that the defendant acted _____ (purposely, knowingly, recklessly, or negligently), which I have already defined for you.

N.H. CRIMINAL JURY INSTRUCTIONS 3.01 (1985).

> The scope and wording of jury instructions is generally within the sound discretion of the trial court, and any allegations of error will be evaluated by interpreting the

disputed instructions in their entirety, as a reasonable juror would have understood them, and in light of all the evidence in the case. . . . [R]eversal of a jury verdict is unwarranted when a jury charge fairly covers the issues and law of a case.

*State v. Cegelis*, 138 N.H. 249, 251-52, 638 A.2d 783, 784 (1994) (quotation omitted).

■ Accident is not a recognized defense under the Criminal Code. *See State v. Russo*, 140 N.H. 751, 753, 674 A.2d 156, 158 (1996). We have held that a defendant's requested jury instruction on an accident defense must be granted, however, if there is some evidence to support a rational finding in favor of that defense. *See State v. Aubert*, 120 N.H. 634, 635, 421 A.2d 124, 125 (1980).

The request for the accident instruction was based solely on the defendant's testimony. He testified that after leaving the store with the stolen merchandise, he immediately jumped into his car. He did so without looking to see who was yelling at him to "Stop, Stop, Freeze, Stop, Freeze." Furthermore, the defendant testified that he drove off without knowing that the policeman had placed his arm inside the vehicle. After he heard "Stop or I'll kill you," the defendant did not look to see who was shouting at him. Even after being shot, the defendant did not look to see who had shot him. The defendant argues that this testimony entitles him to an instruction on the defense of accident. We disagree.

The defendant testified that he got into the car in order to escape from whomever was pursuing him. He further testified that he started the car and drove the car away from the store. These actions were done intentionally — the defendant did not testify that any of his actions taken to escape were accidental.

■ The defendant is entitled to a jury instruction on the defense of accident only if there is some evidence to support a rational finding in favor of that defense. *See State v. Cote*, 143 N.H. 368, 376 725 A.2d 652, 659 (1999). Officer Elwell testified he drew his pistol, placed it under the defendant's chin, and ordered the defendant to stop, but the defendant kept trying to enter his car. After the defendant entered his car, Officer Elwell reached through the open driver-side window with the hand holding his pistol. As the defendant attempted to drive away, Officer Elwell tried to remove his arm from the car. He could not do so because the defendant was holding his arm. While Officer Elwell attempted to remove his arm from the car, the pistol fired. Sergeant Myers and the two loss prevention

officers also testified that the defendant held Officer Elwell's arm inside the car as he drove away. Based on this testimony, the trial court could find that although some evidence of accident was presented, it was not legally sufficient to support a rational finding that the injuries to the officer were caused by accident. Therefore, the trial court did not err by refusing to give the instruction.

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.