Rosciti v. Warden, NH State Prison    CV-00-031-M    10/18/00

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Albert Rosciti,
      Petitioner

      v.                                    Civil No. 00-31-M
                                            Opinion No. 2000 DNH 217
Warden, New Hampshire State Prison,
      Respondent


**O R D E R**


Albert Rosciti, appearing pro se, petitions for a writ of habeas corpus, challenging his state court convictions for robbery and second degree assault.  See 28 U.S.C. § 2254. Although the petition is not the model of clarity, it appears that petitioner claims that the State failed to present sufficient evidence at his trial to support the jury's verdict. See Attachment to Petition for Habeas Corpus (document no. 1) (alleging that "the lack of powder burns preclud[ed] [the] possibility of events happening as portrayed by the State and that in itself function[ed] to deny myriad of rights of the plaintiff.").

## Background

In 1996, petitioner was charged with robbery and second degree assault stemming from his theft of various goods from a store in Plaistow, New Hampshire, and his subsequent efforts to evade capture by the store's loss prevention officers.  He was tried and convicted of both charges.  He appealed his convictions to the New Hampshire Supreme Court.  In his appellate brief, petitioner raised a single issue: that the trial court erred by refusing to instruct the jury on the defense of "accident."  The court rejected petitioner's argument and affirmed his convictions.  <u>State of New Hampshire v. Rosciti</u>, 740 A.2d 623 (N.H. 1999).

Importantly, petitioner's brief to the New Hampshire Supreme Court did not raise the issue he advances here: that the State failed to introduce sufficient evidence at trial to support his convictions.  Nor did petitioner attempt to raise that (or any other) issue in a collateral attack on his convictions, such as a state petition for habeas corpus.  Instead, he elected to pursue a federal petition for habeas corpus pursuant to 28 U.S.C. § 2254.

2

## Discussion

Before considering the merits of a petition for habeas corpus, a federal court must first determine whether the petitioner has exhausted available remedies in the state court system.  See 28 U.S.C. § 2254(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  A petitioner's failure to exhaust state remedies can be excused only if "there is an absence of available State corrective process" - in which case exhaustion is simply impossible - or when "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B).

To satisfy the exhaustion requirement of § 2254, a petitioner must have "fairly presented the substance of his federal habeas claim to the state court before seeking federal review."  Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987).  That requirement can be met by any of the following: "(1) citing a specific provision of the Constitution; (2) presenting the

3

substance of a federal constitutional claim in such manner that it likely alerted the state court to the claim's federal nature; (3) reliance on federal constitutional precedents; and (4) claiming a particular right specifically guaranteed by the Constitution." Id. (citing Dougan v. Ponte, 727 F.2d 199, 201 (1st Cir. 1984)). See also Nadworny v. Fair, 872 F.2d 1093, 1097 (1st Cir. 1989).

Review of the record shows that petitioner did not "fairly present" to the New Hampshire Supreme Court the federal constitutional claim he now raises in this court, either on direct appeal of his state court convictions or by way of a state habeas proceeding. The exhaustion requirement applicable to habeas petitions filed in federal court by state prisoners mandates that the same issues presented in federal court must have been first presented to the state courts. That requirement is not met when a petitioner raises one issue in state court and another, distinct issue, in federal court; the same claim urged in federal court must first have been fairly presented to the state courts. See Picard v. Connor, 404 U.S. 270, 275-76 (1971);

Scarpa v. DuBois, 38 F.3d 1, 6 (1st Cir. 1994); Nadworny v. Fair, 872 F.2d at 1101.

Accordingly, because petitioner has failed to fairly present to the state courts the issue he seeks to raise here, and because nothing in his petition suggests that "there is an absence of available State corrective process" or that "circumstances exist that render such process ineffective," 28 U.S.C. § 2254(b)(1)(B), his petition is dismissed without prejudice for failure to exhaust state remedies.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 18, 2000

cc:  Albert Rosciti
     Richard J. Lehmann, Esq.

5