Hillsborough-southern judicial district
No. 2009-416

THE STATE OF NEW HAMPSHIRE

v.

ROGER LEVEILLE

Argued: June 23, 2010
Opinion Issued: August 19, 2010

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Pamela E. Phelan,* assistant appellate defender, of Concord, on the brief and orally, for the defendant.

DALIANIS, J. The defendant, Roger Leveille, appeals his conviction by a jury in Superior Court (*Nicolosi,* J.) for first degree assault, *see* RSA 631:1 (2007). He argues that the trial court failed to give the proper jury instruction concerning accident. We affirm.

The following facts are not in dispute. The defendant and his wife and children lived in one half of a two-family duplex in Hudson. The defendant's sister, Christine Nelson, lived with her husband, Gregory Ellis, and their children in the other half. On the evening of February 13, 2008, the defendant arrived home from plowing snow for the city of Nashua. He began to plow the driveway, but his truck became stuck when he tried to maneuver around Nelson's car, which was blocking his path. The defendant telephoned Nelson, who was inside her home, and they exchanged heated words. Shortly thereafter, Ellis came outside. He and the defendant had an altercation, during which the defendant retrieved a gun from his truck and, shortly thereafter, Ellis suffered a gunshot wound.

The defendant was indicted on three alternative charges: attempted murder, *see* RSA 629:1 (2007); RSA 630:1-a (2007), first degree assault, *see* RSA 631:1, and second degree assault, *see* RSA 631:2 (2007). The jury acquitted the defendant of attempted murder but found him guilty of first degree assault. At trial, there was some evidence that the defendant shot Ellis accidentally. The defendant submitted a proposed jury instruction regarding accident, to which the State objected, arguing that he was not entitled to any such instruction. The trial court rejected the defendant's proposed instruction, but gave its own accident instruction. On appeal, the defendant argues that the trial court's instruction "failed to properly instruct the jury that the State bore the burden to prove beyond a reasonable doubt that the shooting was not an accident," in violation of his state and federal constitutional rights to due process and a fair trial. *See* N.H. CONST. pt. I, art. 15; U.S. CONST. amend. XIV. We first address his claims under the State Constitution, and cite federal opinions for guidance only. *State v. Ball,* 124 N.H. 226, 231, 233 (1983).

"The purpose of the trial court's charge is to state and explain to the jury, in clear and intelligible language, the rules of law applicable to the case." *State v. Johnson,* 157 N.H. 404, 407 (2008) (quotation and brackets omitted). "The trial court . . . need not use the specific language requested by the defendant and has discretion to decide whether a particular charge will assist the jury in reaching a verdict." *Id.* When reviewing jury instructions, we evaluate allegations of error by interpreting the disputed instructions in their entirety, as a reasonable juror would have understood

them, and in light of all the evidence in the case. *State v. Littlefield*, 152 N.H. 331, 334 (2005). We determine whether the jury instructions adequately and accurately explain each element of the offense and reverse only if the instructions did not fairly cover the issues of law in the case. *Id.* Whether a particular jury instruction is necessary and the scope and wording of the instruction are within the sound discretion of the trial court, and we review the trial court's decisions on these matters for an unsustainable exercise of discretion. *Id.*

The trial court's accident instruction stated:

> Mr. Leveille contends that the shooting of Mr. Ellis was accidental. As you were previously instructed, a crime is made up of a voluntary act and in this case, the allegation is that the gun was discharged and a mental state.
>
> The State must prove both the physical deed and a mental state beyond a reasonable doubt for the defendant to be found guilty of a crime.
>
> An accident is an unexpected happening that occurs without intention or design on a defendant's part. It means a sudden unexpected event that takes place without the defendant's intending for it to occur. That's if you find that the State has not proved, beyond a reasonable doubt, that Mr. Leveille acted with a requisite mental state, then you must find him not guilty.

■ Although "accident" is not a recognized defense under the New Hampshire Criminal Code, *State v. Rosciti*, 144 N.H. 198, 200 (1999), we have held that "an instruction on accident should be given if the theory is supported by some evidence." *State v. Blackstock*, 147 N.H. 791, 798 (2002) (quotation omitted). "Accident" has been described as a "failure of proof" defense, "which raises the . . . question of whether [the defendant] *intended* to commit the crime." *State v. Singleton*, 974 A.2d 679, 691 (Conn. 2009). As the defendant aptly points out, a claim that he acted accidentally negates an essential element of the crime charged; that is, that he acted "knowingly," *see* RSA 631:1; *Com. v. Podkowka*, 840 N.E.2d 476, 482 (Mass. 2006). Because the State bears the burden of proving that the defendant acted with the requisite mental state, it follows that, here, the State bore the burden of proving beyond a reasonable doubt that the conduct at issue was not an accident. *See* N.H. CRIMINAL JURY INSTRUCTIONS 3.01 (1985) ("The State has the burden of proving beyond a reasonable doubt that the defendant did not act accidentally; that is, the State must prove that the defendant acted [with the requisite mental state]. . . ."); *Morris v. State of Md.*, 715 F.2d 106, 110 (4th Cir. 1983).

The defendant contends that the instruction failed to clearly and accurately set forth that it was the State's burden to prove beyond a reasonable doubt that what happened on that night was not an accident. We disagree.

Just before the trial court gave the accident instruction, it instructed the jury that, to find the defendant guilty of first degree assault, it must find that he acted with the mental state of "knowingly," such that he "was aware that his conduct would cause a certain result." The instruction began by explaining to the jury that "a crime is made up of a voluntary act and . . . a mental state." It went on to state that "[t]he State must prove both the physical deed and a mental state beyond a reasonable doubt." It then defined "accident" as something that occurs "without intention or design" and "without the defendant's intending for it to occur." Finally, the court reiterated that "if you find that the State has not proved, beyond a reasonable doubt, that Mr. Leveille acted with a requisite mental state, then you must find him not guilty." Nearly all of the evidence presented at trial related to two possibilities about how the shooting occurred: either the defendant intended to shoot Ellis or the gun went off accidentally.

■ We conclude that a reasonable juror would have understood from the instructions in their entirety that the State had the burden of proving beyond a reasonable doubt that the defendant's conduct was not an accident. The instructions adequately and accurately explained each element of each offense and fairly covered the issues of law in the case. They conveyed to the jury that the State could prove the requisite mental state only by proving that the defendant acted "knowingly." In addition, the jury was instructed that the defendant did not have to produce any evidence or to prove his innocence. Although the defendant may have preferred a different accident instruction, we cannot say that the trial court's instruction was an unsustainable exercise of discretion.

■ The Federal Constitution affords the defendant no greater protection than the State Constitution with regard to his claims of error. See State v. Parker, 142 N.H. 319, 321 (1997); Mullaney v. Wilbur, 421 U.S. 684, 701-02 (1975). Accordingly, we reach the same result under the Federal Constitution. We decline to address arguments raised by the defendant in his notice of appeal but not briefed. See State v. Blackmer, 149 N.H. 47, 49 (2003).

■ New Hampshire has a model jury instruction regarding accident. See N.H. CRIMINAL JURY INSTRUCTIONS 3.01 (1985). We note that the trial court could have used this instruction but chose not to do so. We take this opportunity to recommend that trial courts use New Hampshire Model Jury Instructions when practicable, in order to avoid needless litigation. Cf.

*State v. Wentworth*, 118 N.H. 832, 838-39 (1979) (exercising supervisory jurisdiction to suggest that trial courts use model charge regarding burden of proof and the definition of "reasonable doubt").

In addition, we observe that the record in this case unquestionably met the requirement for a jury instruction on accident, since the theory was plainly supported by some evidence. *See Blackstock*, 147 N.H. at 798. Yet, the prosecutor, who is not counsel on appeal, objected to the trial court giving *any* instruction regarding accident. We believe that objection was unwarranted given the evidence presented at trial, and we urge the State, in the future, to align its objections with settled legal principles. As we have previously noted, it is the prosecutor's duty to seek justice, not merely to convict. *State v. Bujnowski*, 130 N.H. 1, 5 (1987).

*Affirmed.*

BRODERICK, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.