**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0161, <u>State of New Hampshire v. Matthew Guilmette</u>, the court on October 17, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Matthew Guilmette, appeals his conviction, following a jury trial in Superior Court (<u>Wageling</u>, J.), on charges of second degree assault, <u>see</u> RSA 631:2, I (2016), simple assault, <u>see</u> RSA 631:2-a (2016), felony criminal mischief, <u>see</u> RSA 634:2, I, II (2016), and criminal threatening, <u>see</u> RSA 631:4, I(c) (2016). He contends that: (1) the trial court erred, after allowing him to impeach a witness with four prior felony convictions, <u>see</u> <u>N.H. R. Ev.</u> 609, by precluding him from naming one of the felonies to the jury; and (2) the State engaged in prosecutorial misconduct in its closing argument and, thus, violated his right to due process under the New Hampshire Constitution.

We first address whether the trial court erred by precluding the defendant from naming one of the felonies of which the witness had been convicted. We assume, without deciding, that this argument is preserved. We review a trial court's decision to admit evidence of prior convictions under an unsustainable exercise of discretion standard. <u>State v. Mayo</u>, 167 N.H. 443, 457 (2015). To show an unsustainable exercise of discretion, the defendant must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>.

New Hampshire Rule of Evidence 609 provides, in pertinent part, that evidence that a witness, who is not the accused, has been convicted of a crime shall be admitted, subject to Rule 403, to impeach the witness's credibility if: (1) the crime was punishable by more than one year's incarceration; and (2) the witness was convicted or released from incarceration within ten years of testifying. <u>N.H. R. Ev.</u> 609(a)(1) & (b).

In this case, the trial court allowed the defendant, over the State's objection, to impeach the witness with his felony convictions for breaking and entering with intent to commit a felony, larceny, destruction of property in excess of $250, and knowingly receiving stolen property in excess of $250. The State represents, and the defendant does not contest, that the witness was released from incarceration approximately nine years and eleven months prior to his

testimony. The witness testified that he had not been convicted of anything similar since his release.

In addition to allowing the defendant to impeach the witness with all four felony convictions, the trial court allowed him to name three of the convictions, precluding him only from "referenc[ing] the name of or subject or details of the breaking and entering with intent to commit a felony." We assume that, in reaching this compromise, the trial court weighed the probative value of naming this crime against the potential prejudice that might arise from its similarity to the defendant's accusation that the witness broke into his abode to rob him. See N.H. R. Ev. 403; State v. Palermo, 168 N.H. 387, 394 (2015) (stating that we assume trial court made subsidiary findings necessary to support its general ruling).

We conclude that the defendant has failed to establish that he was prejudiced by this ruling. See State v. Blackmer, 149 N.H. 47, 49 (2003). In his closing, the defendant emphasized that the witness was "a convicted felon" and urged the jury to "use that information to assess his credibility." He does not explain how being prevented from naming the witness's fourth felony affected his case. Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion. See Mayo, 167 N.H. at 457.

We next address whether the State's closing argument entitled the defendant to a mistrial. On appeal, the defendant complains of three statements in the State's closing argument. However, at trial, he did not object to two of the statements. Thus, his arguments regarding these statements are not preserved for our review. See State v. Hearns, 151 N.H. 226, 232 (2004) (stating objection to closing argument not preserved unless raised when alleged improper statement is made, or within reasonable time thereafter). To the extent that the defendant argues that the State's closing violated his right to due process under Part I, Article 15 of the New Hampshire Constitution, this argument is not preserved because the record does not reflect that he made it to the trial court. See State v. Kuchman, 168 N.H. 779, 794 (2016). Furthermore, the record does not reflect that the defendant requested that the trial court grant a mistrial with respect to the statement to which he objected. Thus, his argument that the trial court erred by not declaring a mistrial as to that statement is not preserved. See State v. Russo, 140 N.H. 751, 753 (1996) (stating general objection not sufficient to preserve claim of mistrial for review).

The prosecutor's statement to which the defendant did object was that "[i]f the incident had occurred the way [the defendant] told you it occurred, nobody would be here right now because the State believes that people should be able to use self-defense if they are being attacked." Even if the defendant had requested, and been denied, a mistrial as to this statement, we would have to determine whether the prosecutor's argument requires reversal of the verdict. In doing so, we balance the following factors: (1) whether the prosecutor's improper

argument was deliberate; (2) whether the trial court gave a strong and explicit cautionary instruction; and (3) whether any prejudice surviving the court's instruction likely could have affected the outcome of the case.  State v. Demond-Surace, 162 N.H. 17, 24 (2011).  The trial court is in the best position to gauge any prejudicial effect that the prosecutor's conduct had on the jury and has broad discretion to decide whether a mistrial is warranted.  Id. at 23.

When the defendant objected, the trial court immediately instructed the jury to disregard the prosecutor's statement.  The defendant concedes that this instruction was "prompt and effective."  See State v. Cooper, 168 N.H. 161, 171 (2015) (stating juries are presumed to follow instructions).  Furthermore, the defendant did not object to the trial court's curative instruction.  See State v. Boetti, 142 N.H. 255, 258 (1997) (stating defendant waived any objection to curative instruction because he did not timely object to its content).

Moreover, we have reviewed the record and conclude that the defendant cannot show that any prejudice surviving the court's instruction likely could have affected the outcome of the case.  The witness and the other victim testified consistently and in detail.  Their account was corroborated by the defendant's sister, who testified under subpoena.  It was also supported by a police officer who arrived at the scene, an auto repair shop owner who described the damage to the witness's car, and an emergency department nurse who treated the witness's injury.  Only the defendant testified to a different story.  Accordingly, we cannot conclude that the trial court unsustainably exercised its discretion by failing to declare a mistrial sua sponte.  See Demond-Surace, 162 N.H. at 23-24.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3