544

Nashua District Court
No. 83-089

THE STATE OF NEW HAMPSHIRE

v.

KEVIN P. MARTEL

February 23, 1984

*Gregory H. Smith*, attorney general (*John A. Malmberg*, assistant attorney general, on the brief), by brief for the State.

*Kozlowski & Gauthier*, of Nashua (*Robert M. Parodi* on the brief), by brief for the defendant.

MEMORANDUM OPINION

In this interlocutory transfer without ruling, the Nashua District Court (*Harkaway*, J.), transferred the following question pursuant to Rule 9:

> "Whether . . . the offense of *Operating* [While Under the Influence of Intoxicating Liquor] is so different from the offense of *Driving* [While Under the Influence of Intoxicating Liquor] that the first offense of *Operating* may not be used as a first offense conviction to support a charge of Driving While Under the Influence of Intoxicating Liquor, second offense."

We answer the question in the negative and remand for trial.

In January 1980, the defendant was convicted of operating under the influence in violation of RSA 262-A:62 (recodified by Laws 1981, 146:1). In November 1982, the defendant was arrested and charged with driving while under the influence, second offense. RSA 265:82. Prior to trial, the defendant moved to suppress the January 1980 conviction on the ground that a conviction under the former statute, RSA 262-A:62, may not be used to support a second offense charge under the current statute, RSA 265:82. In essence, the defendant contends that *operating* a motor vehicle (the language of the former statute) is different from *driving* a motor vehicle (the language of the latter statute).

When the legislature recodified the DWI statute in 1981, it provided that the word "drive" "shall mean to 'operate.'" RSA 259:24. Thus, we perceive no merit in the defendant's contention that by rewording the DWI statute in this respect the legislature effected a substantive change. Further, while other defendants have litigated the meaning of "operate" before this court, we have never drawn a distinction between the words "operate" and "drive." *See State v. O'Malley,* 120 N.H. 507, 416 A.2d 1387 (1980); *State v. Costello,* 110 N.H. 182, 263 A.2d 671 (1970). We decline to do so now.

We find the distinction relied upon by the defendant to be without substance and consequently hold that the first conviction is admissible at trial to support the second offense charge.

*Remanded.*