Strafford
No. 91-230

THE STATE OF NEW HAMPSHIRE

v.

ROBERT E. BRINKMAN

March 11, 1993

*John P. Arnold*, attorney general (*Ann M. Rice*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.   The defendant, Robert E. Brinkman, appeals his conviction after a jury trial in Superior Court (*Temple*, J.) on one count of aggravated felonious sexual assault, RSA 632-A:2. On appeal, the defendant contends that the court erroneously admitted certain testimony given by two police officers and erroneously allowed the prosecutor to comment on facts not in evidence during his closing statement. We affirm.

The defendant was tried three times in Strafford County Superior Court on one count of aggravated felonious sexual assault. The first trial ended in a hung jury; the second ended in a mistrial because a witness referred to the first trial during his testimony; and the third resulted in the conviction that is the subject of this appeal.

The victim, who was eighteen years old at the time of the assault, worked for the defendant in two capacities. She did piecework for the defendant's company, R.E. Brinkman, Inc., and cleaned his residence once a week. The assault occurred on December 1, 1989, while the victim was cleaning the Brinkman residence. As she was cleaning the defendant's son's room, the defendant entered the room and held out his arms to hug the victim. The victim testified that she willingly hugged the defendant, but then protested when the defendant would not release her. She tried to push him away, but the defendant continued to hold her against her will. Although the victim told the defendant to stop, the defendant proceeded to force himself upon her and have intercourse with her. She later reported the attack to Lieutenant Frank Santin and Officer Heather Sobeck of the Dover Police Department.

On appeal, the defendant first argues that the trial court erred when it overruled his objections to statements made by Lieutenant Santin and Officer Sobeck comparing the victim's behavior with the behavior of other sexual assault victims. We do not reach the merits of this argument because the defendant failed to preserve this issue for review on appeal. At trial, defense counsel simply stated "objection" to the responses given by the officers and failed to offer

the trial court any basis for his objections. The general rule in this jurisdiction is that "a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. Giordano*, 134 N.H. 718, 720, 599 A.2d 109, 111 (1991). The objection must state "explicitly the specific ground of objection." N.H. R. Ev. 103(b)(1); *see State v. Wisowaty*, 133 N.H. 604, 607–08, 580 A.2d 1079, 1081 (1990) (New Hampshire Rules of Evidence do not contain provision parallel to Federal Rule of Evidence 103(a), which requires specific objection to admission of evidence "if the specific ground was not apparent from the context"). As a general rule, "[w]e will not consider grounds of objections not specified . . . at the trial. This requirement, grounded in common sense and judicial economy, affords the trial court an opportunity to correct an error it may have made . . . ." *State v. Eldredge*, 135 N.H. 562, 564, 607 A.2d 617, 618 (1992) (quotation omitted).

The defendant relies on *State v. Goding*, 128 N.H. 267, 513 A.2d 325 (1986), arguing that there was no need to give a specific objection to Lieutenant Santin's testimony at the third trial because defense counsel had made a specific objection on the same issue to the same judge during the second trial that ended in a mistrial. He notes that Officer Sobeck did not testify at the earlier trial, but seems to argue that the same principle would apply to her testimony.

In *Goding*, the defendant was tried twice for the same driving while intoxicated offense. The first trial ended in a mistrial; the second resulted in a conviction. During pretrial proceedings for the first trial, the defendant raised due process and *Miranda* issues. Both issues were decided against the defendant. At the second trial, the defendant raised the *Miranda* issue, but did not raise the due process issue. We held that the court's ruling on the pretrial motion to dismiss based on due process grounds survived the mistrial. *Goding*, 128 N.H. at 270–71, 513 A.2d at 328. In so holding, we stated:

> "[D]efense counsel was not obliged to test or relitigate the court's earlier rulings on pre-trial motions just because there was a retrial, or because a different judge was presiding at the retrial. The mistrial did not render null all that went before it. Hence, the superior court's *pre-trial* determinations and the objections and exceptions thereto survived the mistrial, and remained effective."

*Id.* at 271, 513 A.2d at 328 (emphasis added).

Our holding in *Goding* was based on the narrow ground that a mistrial does not nullify pretrial determinations. We never

intended to extend this holding to rulings made during a trial. A mistrial results in the nullification of the pending jury trial, *see* 75B AM. JUR. 2d *Trial* § 1712, at 496 (1992), and thus, evidentiary rulings made during that trial necessarily do not survive the mistrial. Pretrial determinations, on the other hand, are made under less hectic and more thoughtful circumstances than trial proceedings, offering the trial court greater opportunity to consider its ruling. Furthermore, many factors occur during trial that could change the reasons for an objection and the result of a subsequent ruling. To permit counsel to rely on a specific objection made during one trial as support for a general objection in a wholly new trial would place an excessive burden on the trial court. The judge would have to surmise the attorney's reasons for each objection and rely on his or her memory as to the basis for each objection and subsequent ruling made in a prior trial. Such a rule would impermissibly relieve the parties of their responsibility to make a contemporaneous and specific objection to preserve an issue for appellate review. *See* N.H. R. EV. 103(b)(1). Moreover, it would relieve the parties of their burden to ensure that there exists an adequate record for appellate review. *See* SUP. CT. R. 13(3). For these reasons, we decline to extend the holding in *Goding* to evidentiary rulings made during trial and hold that the issue is not preserved for appeal.

The defendant next argues that the court erred by allowing the prosecutor to argue facts not in evidence. He alleges that misconduct occurred during the prosecutor's closing when, in an attempt to bolster the victim's credibility, the prosecutor stated:

> "What would [the victim] gain by falsely claiming he raped her? She gains nothing. She gains the right to be humiliated and embarrassed . . . . She gains the right to have [defense counsel] cross-examine her for hours. She gains the right to go through statement upon statement, lawyers asking her questions, 225 pages worth. And you know what's amazing. In 225 pages the defense finds two things, two things to question her about. One is whether or not she saw Mr. Brinkman's car pull in."

At that juncture, defense counsel objected and asked to approach the bench. Out of the presence of the jury, defense counsel moved for a mistrial. He claimed that much of the testimony in the 225 pages, which included deposition and prior trial testimony, was inadmissible, and therefore the prosecutor was

> "misrepresenting to this jury that each and every thing in those 225 pages, number one, are relevant, number two, are

[admissible] in this Court of law, and I suggest to the Court that's entirely improper, it's prejudicing this jury, it's prejudicing my client."

The prosecutor responded by claiming that the inquiry was "absolutely proper" because defense counsel used both the victim's prior trial testimony and deposition to show that her testimony was inconsistent. The judge denied the defendant's motion for a mistrial and permitted the prosecutor to continue his closing statement.

■ "[I]t is well settled that counsel may not argue facts that have not been introduced into evidence." *State v. Lake*, 125 N.H. 820, 822, 485 A.2d 1048, 1050 (1984). However, counsel may "'argue facts that can reasonably be inferred from the evidence presented. . . .'" *State v. Glidden*, 122 N.H. 41, 48, 441 A.2d 728, 732 (1982) (quoting *State v. Carroll*, 120 N.H. 458, 460, 417 A.2d 8, 10 (1980)). The defendant relies on *Lake* to support his argument that the prosecutor improperly argued facts not in evidence and that the court erred by overruling his objection.

The facts in *Lake* differ significantly from the facts in the case at bar. In *Lake*, the prosecutor attempted to counter an attack on a witness's memory by stating in his closing that the witness's memory regarding the evidence was "very precise . . . because he reread his report" before he testified. *Lake*, 125 N.H. at 822, 485 A.2d at 1050. We held that the superior court erred by overruling the objection to this statement, because no report was ever mentioned during trial. *Id.* Under those facts, the prosecutor impermissibly testified as to facts not in evidence, and thus it was improper for the prosecutor to draw inferences that a report was reread prior to trial. *Id.*

■ The facts of the instant case, however, do not support a finding that the prosecutor commented on facts not in evidence. During cross-examination of the victim, defense counsel attacked the victim's credibility by eliciting that some of her trial testimony was inconsistent with her prior statements. During redirect examination, the prosecutor elaborated on the same statements to which defense counsel referred by eliciting from the victim that she gave a six-page statement to the police, eighty-one pages of deposition testimony, and 138 pages of other testimony under oath. In response to defense counsel's attack on the victim's credibility, the prosecutor implied in his closing that the defendant found only two inconsistencies in 225 pages of testimony upon which to question the victim. The prosecutor did not make any representations as to the contents of the prior

statements, nor did he reveal anything about the prior statements that had not already been revealed at trial by defense counsel. By referring to the 225 pages of testimony, the prosecutor encouraged the jury to infer that the victim had been relatively consistent over time with her description of the attack because defense counsel failed to point out any other inconsistencies. The prosecutor did not argue any inference that could not reasonably be drawn. We, therefore, find no impropriety by the prosecutor or error by the court.

*Affirmed.*

All concurred.