Strafford
No. 93-834

THE STATE OF NEW HAMPSHIRE

v.

SCOTT WILLARD

June 6, 1995

*Jeffrey R. Howard,* attorney general (*John A. Stephen,* assistant attorney general, on the brief and orally), for the State.

*James E. Duggan,* chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. The defendant, Scott Willard, was charged with driving a motor vehicle after being certified as an habitual offender, RSA 262:23 (1993), and driving while under the influence of alcohol, second offense, RSA 265:82 (1993) (amended 1993). Prior to trial, the Superior Court (*Mohl,* J.) granted the defendant's motion to dismiss the charges. The State appeals only the dismissal of the driving under the influence charge. We reverse and remand.

The facts alleged by the State are uncontroverted. A police officer approached a vehicle in a parking lot. The vehicle's engine was idling, and the defendant was asleep in the driver's seat. The officer woke the defendant, determined that he was intoxicated and arrested him for driving while intoxicated.

The superior court relied upon *State v. O'Malley,* 120 N.H. 507, 416 A.2d 1387 (1980), in dismissing the charges. The State argues that *O'Malley* is not controlling, as the relevant statutory language has changed. In matters of statutory interpretation, "this court is the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *State v. Johnson,* 134 N.H. 570, 575, 595 A.2d 498, 502 (1991) (quotation omitted).

In *O'Malley,* the defendant, who was found sleeping at the wheel of a running automobile, was convicted of violating former RSA 262-A:62

(1977), which prohibited "operating" a motor vehicle while under the influence of intoxicating liquor, and former RSA 262:27-b (1977), which prohibited "operating" a motor vehicle after a license had been revoked. *O'Malley,* 120 N.H. at 508, 416 A.2d at 1388. We overturned those convictions, noting that "[t]his court is reluctant to conclude that a defendant has *operated* a vehicle when, in fact, the officer has not seen the *operator* behind the wheel moving the car." *Id.* at 509, 416 A.2d at 1388 (emphasis added).

Since our decision in *O'Malley,* however, the legislature has recodified the motor vehicle statutes, replacing "operate" with "drive." Laws 1981, 146:1. The defendant in the instant case was charged with violating RSA 265:82. The *actus reus* contemplated in RSA 265:82 is "driv[ing]" a motor vehicle while under the influence of alcohol. The legislature has defined "drive" thus: "to operate *or* be in actual physical control" of a motor vehicle. RSA 259:24 (1993) (emphasis added). Therefore, the question before us is whether, under the agreed facts and the reasonable inferences therefrom, a rational trier of fact could find beyond a reasonable doubt that the defendant was in actual physical control of the vehicle. *Cf. O'Malley,* 120 N.H. at 509, 416 A.2d at 1388.

The defendant's contention that we have previously equated "drive" with "operate" is incorrect. A fair reading of our memorandum opinion in *State v. Martel,* 124 N.H. 544, 474 A.2d 998 (1984), relied on by the defendant, shows that the question in that case was whether "drive" encompasses "operate": "In essence, the defendant contends that *operating* a motor vehicle (the language of the former statute) is different from *driving* a motor vehicle (the language of the [revised] statute)." *Id.* at 545, 474 A.2d at 999. Because part of the statutory definition of "drive" is "to operate," *see* RSA 259:24, we concluded that the change in wording did not support the defendant's position. *Martel,* 124 N.H. at 545, 474 A.2d at 999. The "actual physical control" language of RSA 259:24 was not at issue in that case and was not considered.

█ In interpreting the meaning of statutory provisions, "we presume that the legislature does not enact unnecessary and duplicative provisions." *State v. Powell,* 132 N.H. 562, 568, 567 A.2d 568, 572 (1989) (quotation omitted). "[A]ctual physical control," therefore, is presumed to be something distinct from operation. *See State v. Osgood,* 135 N.H. 436, 438, 605 A.2d 1071, 1072 (1992). To determine the meaning of "actual physical control," we consider the plain meaning of those words according to their common and approved usage. *Johnson,* 134 N.H. at 575–76, 595 A.2d at 502. In this statutory phrase, "actual" and "physical" modify "control," which is defined in WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 496 (unabridged ed. 1961) as "power or authority to guide or manage." The plain meaning of "control," then, does not require guidance in fact

of the motor vehicle; the capacity to guide the vehicle establishes control. "Physical" denotes "of or relating to the body . . . often opposed to *mental*." *Id*. at 1706. The definition of "actual" is "existing in fact or reality" or "in existence or taking place at the time." *Id*. at 22.

■■ To have "actual physical control" of a motor vehicle, one must have the capacity bodily to guide or exercise dominion over the vehicle *at the present time*. A person who is soundly asleep cannot have such a capacity. *See Garcia v. Schwendiman,* 645 P.2d 651, 654 & n.3 (Utah 1982). We have held, however, that "[c]ircumstantial evidence which excludes any other rational conclusion is sufficient . . . to establish beyond a reasonable doubt" the *actus reus* set out in a motor vehicle statute. *O'Malley,* 120 N.H. at 509, 416 A.2d at 1388.

In *O'Malley,* the defendant's uncontroverted testimony, that while awaiting a ride from a friend, he had started the friend's car and then fallen asleep, overcame any such circumstantial evidence establishing *operation. Id*. By contrast, if circumstantial evidence were to prove that defendant Willard started his car before falling asleep, he would have been in *actual physical control* of it while awake and in the driver's seat. *See Atkinson v. State,* 627 A.2d 1019, 1028 (Md. 1993) ("Indeed, once an individual has started the vehicle, he or she has come as close as possible to actually [operating it] without doing so and will generally be in 'actual physical control' of the vehicle.").

■■ We agree with the Maryland Court of Appeals' interpretation of the legislative intent underlying the phrase "actual physical control":

> When the occupant is totally passive, has not in any way attempted to actively control the vehicle, and there is no reason to believe that the inebriated person is imminently going to control the vehicle in his or her condition, we do not believe that the legislature intended for criminal sanctions to apply.

*Id*. at 1027. The circumstantial evidence of actual physical control, however, is for the jury to weigh. Under the facts alleged and the reasonable inferences therefrom, a rational trier of fact could find that the defendant was in actual physical control of the vehicle.

*Reversed and remanded.*

All concurred.