Derry District Court
No. 94-558

THE STATE OF NEW HAMPSHIRE

v.

PATRICK W. HOLLORAN

December 27, 1995

*Jeffrey R. Howard,* attorney general (*Patrick E. Donovan,* assistant attorney general, on the brief and orally), for the State.

*Casassa & Ryan*, of Hampton (*Kenneth D. Murphy* on the brief and orally), for the defendant.

## MEMORANDUM OPINION

PER CURIAM. After a bench trial, the Derry District Court (*Warhall*, J.) convicted the defendant, Patrick W. Holloran, of driving while intoxicated. *See* RSA 265:82, I (Supp. 1994). On appeal, the defendant asserts that the trial court erred in denying his motion for a directed verdict based upon insufficiency of the evidence. We affirm.

In the evening of March 15, 1994, Londonderry Police Officer Mark Cagnetta approached a Chevrolet pickup truck with its lights off parked on Symmes Drive in Londonderry. The officer saw the defendant sitting alone behind the wheel. Cagnetta "spotlighted" the truck and the defendant quickly jumped out. Cagnetta told the defendant to get back into the truck, observing that the defendant appeared "unsteady" on his feet.

The defendant explained that he was waiting for a call from his wife to pick her up from a Tupperware party in Auburn. The officer did not see a phone, and the defendant indicated that he had a pager. Cagnetta noticed that the defendant's breath smelled of an alcoholic beverage, that his eyes were glassy and bloodshot, and that he appeared disheveled. The officer also observed that although the engine was not running, the keys to the truck were in the ignition. The defendant stated that he had been at the airport and had come to Symmes Drive to wait for his wife, but that he had had nothing to drink that evening and should have remained at the airport. After the defendant failed three field sobriety tests, Cagnetta arrested him for driving while under the influence of alcohol.

At the close of the State's case, the defendant moved for a directed verdict, arguing that the evidence was insufficient for a rational trier of fact to find, beyond a reasonable doubt, that he had driven his truck on the night of the arrest. The court denied the motion and found the defendant guilty, sentencing him to a fine, ninety-day license revocation, and mandatory attendance in an alcohol awareness program. This appeal followed.

The defendant was convicted of violating RSA 265:82. "The *actus reus* contemplated in RSA 265:82 is 'driv[ing]' a motor vehicle while under the influence of alcohol." *State v. Willard*, 139 N.H. 568, 570, 660 A.2d 1086, 1087 (1995). "Driv[ing]" has been defined as "operat[ing]" or being in "actual physical control" of a motor vehicle. RSA 259:24 (1993). Because the State does not allege that the defendant was operating his truck, the question before us is whether

a rational trier of fact, viewing the evidence most favorably to the State, could have found beyond a reasonable doubt that the defendant was in actual physical control of the truck.

■ "To have 'actual physical control' of a motor vehicle, one must have the capacity bodily to guide or exercise dominion over the vehicle at the present time." *Willard*, 139 N.H. at 571, 660 A.2d at 1088 (emphasis omitted). What constitutes "actual physical control" will vary depending upon the facts of the case, but "the primary focus of the inquiry is whether the person is merely using the vehicle as a stationary shelter or whether it is reasonable to assume that the person will, while under the influence, jeopardize the public by exercising some measure of control over the vehicle." *Atkinson v. State*, 627 A.2d 1019, 1028 (Md. 1993).

■ At trial, the State adduced only circumstantial evidence to prove that the defendant had "actual physical control" of his truck. "[C]ircumstantial evidence which excludes any other rational conclusion is sufficient to establish beyond a reasonable doubt the *actus reus* set out in a motor vehicle statute." *Willard*, 139 N.H. at 571, 660 A.2d at 1088 (quotation and ellipses omitted). In applying this standard, "we examine each evidentiary item in the context of all the evidence, not in isolation." *State v. Bissonnette*, 138 N.H. 82, 85, 635 A.2d 468, 469 (1993).

■ The defendant argues that because the truck was legally parked, the lights were off, and the engine was not running, it is speculative to conclude that he would soon be operating the vehicle. These facts alone, however, are not dispositive. When Officer Cagnetta came upon the truck, the defendant was in the driver's seat. The defendant exhibited signs of drunkenness, and he told the officer that he was waiting for a call to pick up his wife, who was in another town. The keys were in the ignition. In the context of the officer's observations and the defendant's statements, a rational trier of fact could find beyond a reasonable doubt that the defendant would be imminently operating the truck in an inebriated condition, and, therefore, that he was in actual physical control of the vehicle. *See Willard*, 139 N.H. at 571, 660 A.2d at 1088.

*Affirmed.*

BRODERICK, J., did not sit; the others concurred.