Claremont District Court
No. 2002-660

THE STATE OF NEW HAMPSHIRE

v.

WILLIAM T. WINSTEAD

Argued: October 9, 2003
Opinion Issued: November 12, 2003

*Peter W. Heed*, attorney general (*Jonathan V. Gallo*, assistant attorney general, on the brief and orally), for the State.

*Nancy S. Tierney*, of Lebanon, by brief and orally, for the defendant.

DUGGAN, J. Following a bench trial in Claremont District Court (*Yazinski*, J.), the defendant, William T. Winstead, was found guilty of driving while intoxicated. *See* RSA 265:82 (Supp. 2002). On appeal, he contends that: (1) the trial court erred when it admitted the results of his blood alcohol test; (2) he was denied equal protection of the law; and (3) the evidence was insufficient to prove he was in control of the vehicle. We affirm.

The record supports the following facts. The charge arose out of an incident on April 6, 2002, when, at approximately 3:13 a.m., Officer Shawn L. Hallock of the Claremont Police Department discovered the defendant in a car in the Wal-Mart parking lot. The defendant was sleeping upright in the driver's seat, with the car engine running. At trial, the defendant testified that he decided to sleep in his car because he was "not . . . capable to drive anywhere," and that the car was running so he could stay warm. The defendant further testified that while he had no intention of driving the car, he did unlock the door, sit in the driver's seat, push the clutch in, move the gear selector to neutral, start the engine and turn on the heater.

Hallock approached the car and attempted to wake the defendant. When the defendant awoke and spoke with Hallock, Hallock "immediately smelled an odor of intoxicant." The defendant admitted to Hallock that he had consumed a six-pack of Bacardi Silvers that evening. Hallock asked the defendant to perform field sobriety tests, which the defendant failed. Hallock subsequently arrested the defendant for driving while intoxicated.

After his arrest, the defendant was taken to the Claremont Police Department where he read and signed the Administrative License Suspension form, which authorized the police to perform any combination of breath, blood, urine or physical testing. The defendant was first given an intoxilyzer breath test, which resulted in a blood alcohol content (BAC) of 0.07. The result of the defendant's intoxilyzer test was below the statutorily defined level (BAC of 0.08) for *prima facie* evidence of intoxication. *See* RSA 265:82. Hallock then asked the defendant to take a blood test. The defendant testified that Hallock requested a blood test only for drugs. The defendant's blood was tested for both drugs and alcohol,

which resulted in a BAC of 0.08. The results of both tests were admitted at trial without objection. The district court found the defendant guilty and denied his motion to reconsider. This appeal followed.

On appeal, the defendant first argues that the district court erred in admitting the blood test results. The defendant contends that the police were not entitled to conduct further testing after the intoxilyzer test revealed a BAC of 0.07 and that the defendant consented only to a blood test for drugs, not alcohol. We conclude, however, that the issue was not preserved for appellate review.

"The general rule in this jurisdiction is that a contemporaneous and specific objection is required to preserve an issue for appellate review." *State v. Brinkman*, 136 N.H. 716, 718 (1993) (quotation omitted). In addition, "[t]he objection must state 'explicitly the specific ground of objection.'" *Id.* (quoting N.H. R. Ev. 103(b)(1)). "This requirement, grounded in common sense and judicial economy, affords the trial court an opportunity to correct an error it may have made . . . ." *Brinkman*, 136 N.H. at 718.

At trial, the State questioned Officer Hallock about the blood test performed on the defendant. The State then offered the certified lab results of the blood test as Exhibit 4. The following colloquy ensued:

> [STATE]: State would enter Exhibit 4.
>
> [COURT]: Any objection, Ms. Tierney?
>
> [DEFENSE]: No, Your Honor.

■ Because the defendant failed to make "a contemporaneous and specific objection" to the admission of the blood test results, *id.*, the issue was not preserved for appellate review.

The defendant next argues that his right to equal protection was violated because Officer Hallock testified that he does not typically disturb people parked in recreational vehicles (RVs) in the Wal-Mart parking lot. Thus, the defendant argues, he was treated differently because he was in a car. We conclude, however, that this issue was also not preserved for appellate review.

"This court has consistently held that we will not consider issues raised on appeal that were not presented in the lower court." *State v. McAdams*, 134 N.H. 445, 447 (1991) (quotation omitted). Where the defendant raises a constitutional claim, it must be brought to the attention of the trial court in order to preserve the issue for appeal. *State v. Patterson*, 145 N.H. 462, 466-67 (2000).

At trial, defense counsel made three references to the different treatment afforded the defendant's car as opposed to an RV. First, defense counsel questioned Officer Hallock on cross-examination about another RV present in the Wal-Mart parking lot on the night the defendant was arrested. Second, defense counsel questioned Officer Hallock about whether, in general, he would knock on the door of an RV that was running. Finally, as part of closing argument, the defense argued: "Officer Hallock indicated that if he had been in the RV, he would have never bothered. The mere fact he was in a Subaru, or a Saturn, is what caused his eyes to light up. The kind of vehicle you're in shouldn't be determinative." In addition, in a motion to reconsider, the defense stated that one "area[] of law to be reviewed" included "[w]ere there grounds for waking him if, according to testimony, he would not have been disturbed if he had been in an RV."

Aside from these general references to the different treatment afforded persons in cars and RVs, no constitutional argument was raised at the trial court. At no point during the trial or in the motion to reconsider did defense counsel assert that the defendant's right to equal protection was being violated. Because the defendant failed to "bring the constitutional claim to the attention of the trial court, the issue is not preserved for appeal, and we decline to review it." *Id.* at 467.

Finally, the defendant argues that because he was asleep, only turned on the heat and had no intent to drive the car, there was insufficient evidence for the trial court to find that he was in control of the car and thus operating a vehicle under the influence. We must determine "whether a rational trier of fact . . . could have found beyond a reasonable doubt that the defendant was in actual physical control of the [vehicle]." *State v. Holloran,* 140 N.H. 563, 564-65 (1995) (per curiam); *see* RSA 265:82; RSA 259:24 (1993).

"To have 'actual physical control' of a motor vehicle, one must have the capacity bodily to guide or exercise dominion over the vehicle at the present time." *State v. Willard,* 139 N.H. 568, 571 (1995) (emphasis omitted). While a person who is sound asleep cannot have such a capacity, "circumstantial evidence which excludes any other rational conclusion is sufficient . . . to establish beyond a reasonable doubt the *actus reus* set out in a motor vehicle statute." *Id.* (quotation omitted).

This case is indistinguishable from *Willard.* In *Willard,* the defendant was found asleep in the driver's seat of his vehicle in a parking lot with the vehicle's engine idling. A police officer woke him, determined he was intoxicated and arrested him for driving while intoxicated. In holding that

a rational trier of fact could find that the defendant was in actual physical control of the vehicle, we noted that "if circumstantial evidence were to prove that [the] defendant [] started his car before falling asleep, he would have been in *actual physical control* of it while awake and in the driver's seat." *Id.*; *see also Atkinson v. State*, 627 A.2d 1019, 1028 (Md. 1993) ("Indeed, once an individual has started the vehicle, he or she has come as close as possible to actually [operating it] without doing so and will generally be in 'actual physical control' of the vehicle.").

■ Here, the defendant was also found asleep in the driver's seat of a car in a parking lot with the engine running. Moreover, the defendant testified at trial that he unlocked the door, sat in the driver's seat, pushed the clutch in, moved the gear selector to neutral, started the engine and turned on the heater. Given these facts and the reasonable inferences therefrom, a rational trier of fact could find beyond a reasonable doubt that the defendant was in actual physical control of the car before he fell asleep. *See Willard*, 139 N.H. at 571.

*Affirmed.*

BROCK, C.J., and BRODERICK, NADEAU and DALIANIS, JJ., concurred.