# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2013-0016, <u>State of New Hampshire v. Daniel Fleury</u>, the court on January 23, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Daniel Fleury, was convicted of three counts of second degree assault, <u>see</u> RSA 631:2 (Supp. 2014), one count of criminal restraint, <u>see</u> RSA 633:2 (2007), and two counts of criminal threatening, <u>see</u> RSA 631:4 (Supp. 2014). He contends that the Superior Court (<u>Smukler</u>, J.) erred by denying his motion for a new trial based upon a claim of ineffective assistance of counsel, asserting that his trial counsel's representation was ineffective because: (1) counsel's errors in the opening statement undermined the mitigation defense and the defendant's credibility; and (2) counsel failed to consult with a medical expert to support his defense that the victim's neck injuries were not caused by choking or strangulation.

The defendant first argues that trial counsel was ineffective because his attorney stated in his opening statement that the defendant "punched" the victim before counsel corrected himself to state that the defendant "hit" the victim. The attorney also told the jury in his opening statement that the defendant restrained the victim "to some degree, but not to the level required for it to be a felony." The defendant asserts that this statement was error because counsel was aware that the defendant "fully intended to embrace his culpability for felony criminal restraint, and not some lesser conduct." The defendant argues that both errors undermined the defense strategy of accepting responsibility for certain offenses and seeking acquittal on others.

The State counters that the defendant failed to preserve this issue because it was not raised in the trial court or included in his notice of appeal. We agree. We have consistently held that we will not consider issues raised on appeal that were not presented in the trial court. <u>State v. Winstead</u>, 150 N.H. 244, 246 (2003). In addition, issues not raised in the notice of appeal are waived. <u>State v. Atkins</u>, 145 NH 256, 259 (2000). The record shows that the defendant's argument in the trial court was that the mitigation strategy itself constituted ineffective assistance of counsel, not that defense counsel's errors

in the opening statement undermined the defense strategy. In addition, the defendant's notice of appeal does not include this issue. Therefore, the issue is not preserved for review.

The defendant next argues his counsel's representation was deficient under the State and Federal Constitutions because his attorneys failed to consult with a medical expert to rebut the emergency room physician's testimony and to support his defense that the victim's neck injuries were not caused by choking or strangulation. We first address his claim under the State Constitution and rely upon federal law only to aid our analysis. State v. Ball, 124 N.H. 226, 231-33 (1983). "To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate, first, that counsel's representation was constitutionally deficient and, second, that counsel's deficient performance actually prejudiced the outcome of the case." State v. Brown, 160 N.H. 408, 412 (2010) (quotation omitted). "Both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." Id. at 413. "Therefore, we will not disturb the trial court's factual findings unless they are not supported by the evidence or are erroneous as a matter of law, and we review the ultimate determination of whether each prong is met de novo." Id.

"To satisfy the first prong of the test, the performance prong, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 412 (quotation omitted); Strickland v. Washington, 466 U.S. 668, 688 (1984). "We first address the deficient performance prong of the Strickland test, which turns upon a determination of whether counsel's assistance was reasonable considering all the circumstances." State v. Whittaker, 158 N.H. 762, 768 (2009) (quotation omitted). "We must judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of that conduct." Id. (quotation omitted). "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. (quotation omitted). To establish that defense counsel's performance fell below this standard, the defendant must show that "no competent lawyer" would have failed to consult with a medical expert. Id. at 768-69. "Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 769 (brackets and quotation omitted). Thus, the issue in this case is whether defense counsel's decision not to consult with a medical expert was supported by an investigation that itself was reasonable. See id.

At the hearing on the motion for a new trial, defense counsel testified that they deposed the emergency room physician prior to trial "to determine what his testimony might be and to see if we would need to hire an expert." In the sworn statement of trial counsel submitted in support of the State's

2

objection to the motion for a new trial, defense counsel stated that, based upon the doctor's deposition, they were "confident that Dr. Jaffe would not testify that [the victim] had been strangled," and that if he testified otherwise at trial, counsel "would have been able to impeach him." Thus, as defense counsel testified at the hearing, "Based on the deposition, it did not appear that [Dr. Jaffe] would say anything that could really be refuted by an expert."

Dr. Jaffe's trial testimony supported defense counsel's conclusions. The second degree assault statute defines strangulation as "the application of pressure to another person's throat or neck, or the blocking of the person's nose or mouth, that causes the person to experience impeded breathing or blood circulation or a change in voice." See RSA 631:2, II(c). Dr. Jaffe testified that upon examining the victim at the hospital, he did not find any damage to her windpipe, that she was not having any trouble breathing, speaking, or swallowing, and that she had not experienced a change in voice. Dr. Jaffe conceded that although he found the victim's injuries to be consistent with strangulation, it was possible that they occurred without strangulation.

In the statement of trial counsel, defense counsel further explained their decision not to retain an expert as follows:

> The injuries themselves were documented with photographs, and [Dr. Jaffe] did not testify to any neck injuries not visible in the photographs. At best, a second expert would have confirmed [Dr. Jaffe's] testimony. Even if a second expert could be found who would testify [the victim] had, to a reasonable degree of medical certainty, not been strangled, such testimony would probably only have offended the jury, made the second expert appear a shill hired by the defense, and impugned the credibility of [the defendant] and his counsel.

Unlike Dugas v. Coplan, 428 F.3d 317, 334-35 (1st Cir. 2005) and State v. Whittaker, 158 N.H. at 309, cases upon which the defendant relies to support his position, the defendant in this case did not present any expert report or testimony to challenge his defense counsel's conclusion that consultation with an expert would not have assisted the defense. Based upon this record, we conclude that defense counsel's decision not to consult with a medical expert in this case was supported by an investigation that itself was reasonable. See State v. Whittaker, 158 N.H. at 669. Because we conclude that defense counsel's representation was reasonable under the circumstances, we need not address the prejudice prong of the ineffective assistance of counsel test. See State v. Brown, 160 N.H. at 412 ("A failure to establish either prong requires a finding that counsel's performance was not constitutionally defective."). Because the standard for determining whether a defendant has received

3

ineffective assistance of counsel is the same under both the State and Federal Constitutions, we reach the same result under the Federal Constitution as we do under the State Constitution.  Id. at 418.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

4