# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0177, State of New Hampshire v. Michael D. Mooney, the court on February 9, 2018, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). To the extent that the defendant argues that not holding oral argument "would violate his rights to due process, production of all proofs favorable, effective assistance of counsel and equal protection" under the State and Federal Constitutions, he does not develop this argument. See State v. Chick, 141 N.H. 503, 504 (1996). We affirm.

The defendant, Michael D. Mooney, appeals his conviction, following a bench trial in the Circuit Court (Morrison, J.), on a charge of driving under the influence. See RSA 265-A:2 (2014). He contends that the evidence was insufficient to find that he was driving.

When considering a challenge to the sufficiency of the evidence, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences from it in the light most favorable to the State. State v. Sanborn, 168 N.H. 400, 412 (2015). The defendant bears the burden of demonstrating that the evidence was insufficient to prove guilt. Id. When reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. Id. at 413. Further, the trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. Id.

To prevail on a sufficiency of the evidence challenge when the evidence as to one or more elements of the charged offense is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. State v. Germain, 165 N.H. 350, 361 (2013), modified on other grounds in part by State v. King, 168 N.H. 340, 345 (2015). The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded. Id. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is de novo. State v. Cable, 168 N.H. 673, 677 (2016).

RSA 265-A:2, I, prohibits a person from driving a vehicle upon a way while under the influence of intoxicating liquor. Driving is defined as operating or being in "actual physical control" of a motor vehicle. RSA 259:24 (2014). To have "actual physical control" of a motor vehicle, a person must have the capacity bodily to guide or exercise dominion over the vehicle at the present time. State v. Winstead, 150 N.H. 244, 247 (2003).

What constitutes "actual physical control" will vary depending upon the facts of the case, but the primary focus of the inquiry is whether the person is merely using the vehicle as a stationary shelter or whether it is reasonable to assume that the person will, while under the influence, jeopardize the public by exercising some measure of control over the vehicle. State v. Holloran, 140 N.H. 563, 565 (1995).

This case is controlled by Winstead, which affirmed that the defendant was in actual physical control of a vehicle when he was found asleep in the driver's seat with the engine running and the transmission in neutral. See Winstead, 150 N.H. at 248. In this case, the defendant does not contest that he was intoxicated when he returned to his vehicle after drinking in two bars. He testified that, when he parked the vehicle earlier in the evening, he locked it and took the keys with him. The arresting police officer testified that he found the defendant asleep in the driver's seat of his vehicle with the keys in the ignition and the dashboard lights and radio illuminated. Although, unlike in Winstead, here the vehicle's engine was not running, this is not dispositive. See Holloran, 140 N.H. at 565 (affirming defendant in actual physical control of vehicle when keys in ignition, but engine not running). The trial court could have reasonably inferred that, prior to falling asleep in the vehicle, the defendant unlocked it, placed the key in the ignition, and turned it on, thereby illuminating the dashboard lights.

The defendant argues that the presumption of innocence requires all factual disputes be resolved in his favor. However, in a challenge to the sufficiency of the evidence, we assume all credibility resolutions in favor of the State. State v. Saunders, 164 N.H. 342, 351 (2012).

The defendant argues that the officer testified inconsistently regarding the defendant's radio. However, the officer resolved any possible inconsistency during cross-examination when he explained that he considered the radio "on" because it was illuminated. To the extent that the defendant relies upon State v. Daly, 313 A.2d 194, 195 (N.J. 1973), it is not consistent with New Hampshire Law. See Winstead, 150 N.H. at 248.

The defendant argues that he did not intend to drive his vehicle because a designated driver was to transport him back to his friend's apartment. However, the defendant testified that he drove his own vehicle to the town where he and his companions intended to drink, that he left the bar before his companions to

return to his vehicle, that he was asleep and did not remember getting any calls, such as a call notifying him that the designated driver was ready to go, and that he did not know where the designated driver had parked. Furthermore, the trial court could have inferred from the designated driver's testimony that the designated driver left well before the officer found the defendant. On this evidence, the trial court could have reasonably inferred that the defendant did not intend to be transported by the designated driver.

We conclude, viewing the evidence in the light most favorable to the State, that the trial court could reasonably have found that the defendant was in actual physical control of the vehicle when he fell asleep. See Sanborn, 168 N.H. at 412; Winstead, 150 N.H. at 247.

Affirmed.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**