# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2017-0366, <u>In the Matter of Joan Marden and Edward Marden</u>, the court on September 17, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The respondent, Edward Marden, appeals the order of the Circuit Court (<u>Introcaso</u>, J.) denying his motion to vacate a final decree of divorce from the petitioner, Joan Marden, arguing that he was denied an adequate opportunity to be heard because he allegedly failed to receive the court's orders and notices.  We will not disturb the trial court's decision denying a motion to vacate a final decree absent an unsustainable exercise of discretion.  <u>See</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 55 (2006).  To show that the trial court's decision is not sustainable, the respondent must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case.  <u>Walker v. Walker</u>, 158 N.H. 602, 607 (2009).

The respondent does not dispute that the petitioner served him with a copy of the petition for divorce, which he received by certified mail, even though it was addressed to an incorrect post office box.  The record shows that the respondent signed the card acknowledging receipt of service, which was filed with the court, and that he provided his correct post office box on the return card.  Enclosed with the petition was a blank appearance form, together with the court's notice to the respondent that he must file his appearance with the court within 15 days if he wished to be heard in the matter.  The notice further informed him that if he did not file his appearance by the return date, the court would assume that he did not wish to participate, and that he agreed with the petitioner's factual statements and requests.  The notice also advised the respondent that if he did not wish to participate, the court would grant the petitioner a divorce and issue other necessary orders.  Enclosed with the court's notice, in addition to an appearance form, was a notice of Circuit Court Family Division Rule 1.25-A's mandatory disclosure requirements.

The respondent failed to timely file an appearance, and the trial court granted the petitioner's motion for default.  The respondent then filed a motion for mediation, which the trial court granted, striking its order of default.  On November 14, 2016, the court held a scheduling conference, which both parties attended.  On the same day, the court issued a scheduling conference order,

which contained a discovery schedule. Prior to the scheduling conference, the court had granted the petitioner's motion to vacate the order striking the default. However, on the date of the conference, the court granted, in part, the respondent's motion to clear the default, stating in its order that the respondent's motion would be heard at the next scheduled hearing, on December 13, 2016.

Both parties appeared at the December 13 hearing. After the hearing, the trial court issued an order on the same date granting the petitioner a divorce on grounds of adultery by default, based upon the respondent's failure to file an answer or appearance. The court ordered that the terms of the divorce would be determined after a further hearing, scheduled for February 6, 2017. The court ordered the parties to complete their Rule 1.25-A disclosures within 14 days and advised them that any failure to comply with the order may result in an order limiting the admission of evidence submitted at the February 6 hearing. On December 15, 2016, the court ordered the parties to appear for mediation on January 13, 2017. The respondent failed to appear at the mediation. Although he appeared at the February 6 hearing, the court did not allow him to introduce evidence at the hearing because he failed to complete his Rule 1.25-A disclosure requirements.

The respondent first asserts that he never received the court's December 13, 2016 order. However, at the June 1, 2017 hearing on his motion to vacate the final decree, the court clerk informed the trial court that on December 13, 2016, the order was mailed to the address that the respondent previously had confirmed, during the February 6 hearing, was his correct address. We note that the respondent also claimed, during the February 6 hearing, that he failed to appear for the mediation because he did not receive the court's mediation notice, which was issued on December 15, 2016, two days later. When the clerk informed the trial court during the February 6 hearing that the mediation notice was mailed to the respondent's correct address, he responded that he was "probably on the Cape working," and that he did not check his mail.

The only orders that the trial court acknowledged may not have been sent to the respondent's correct address were the November 7, 2016 order granting the petitioner's motion to vacate its prior order striking the default, and the November 14, 2016 scheduling conference order. However, the court subsequently granted, in part, the respondent's motion to clear that default, and in its December 13 order, the court gave the respondent additional time to provide discovery and to complete his Rule 1.25-A disclosures. In addition, the evidence, including an envelope from the court that the respondent left behind in a vehicle used by the petitioner, supports the trial court's finding that he was receiving the court's incorrectly addressed notices because "the post office was correcting the post office box number." The trial court also noted that, at each hearing, it "took a considerable amount of time to explain to [the respondent] clearly what he needed to do, [and] when he needed to do it by."

2

After considering the respondent's presentation at the June 1 hearing, the court found that his assertions regarding lack of notice were not credible. We note that the respondent appeared at every scheduled hearing. Based upon this record, we conclude that the trial court was not compelled to find that the respondent did not receive the court's December 13 order.

The respondent also asserts that he did not receive the court's February 6, 2017 final decree by mail, to the prejudice of his appellate rights. The trial court recalled that the respondent received a copy of the decree by hand on the date of the hearing. As we noted in our November 17, 2017 order granting, in part, the petitioner's motion to dismiss the respondent's appeal, even if we assume, without deciding, that the respondent did not receive the decree until March 24, 2017, when he allegedly went to the court to obtain a copy, he still failed to file a timely appeal from that date. Accordingly, he has failed to show prejudice resulting from the alleged lack of notice by mail.

The respondent also argues that he was deprived of due process under the State and Federal Constitutions by the alleged denial of an adequate opportunity to be heard in this matter. The record fails to show that he raised a constitutional claim in the trial court. Accordingly, this issue is not preserved for review. See State v. Winstead, 150 N.H. 244, 246 (2003).

Based upon this record, we conclude that the respondent has failed to demonstrate that the trial court unsustainably exercised its discretion in denying his motion to vacate the final decree. See Walker v. Walker, 158 N.H. at 607.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**

3