# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0722, <u>State of New Hampshire v. William Nye</u>, the court on October 26, 2020, issued the following order:**

Having considered the parties' briefs and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, William Nye, appeals his conviction for driving while intoxicated recommended by a judicial referee (<u>Carroll</u>, R.) and approved by the Circuit Court (<u>Luneau</u>, J.). On appeal, he argues that there was insufficient evidence that he was intoxicated while he was in actual physical control of his vehicle. We affirm.

To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Cable</u>, 168 N.H. 673, 677 (2016). In such a challenge, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Id</u>. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is <u>de novo</u>. <u>Id</u>. In reviewing the evidence, we examine each evidentiary item in the context of all the evidence, not in isolation. <u>State v. Thelusma</u>, 167 N.H. 481, 487 (2015).

To convict the defendant of driving while intoxicated, the State was required to prove, beyond a reasonable doubt, that he drove or attempted to drive a vehicle upon a way while under the influence of intoxicating liquor. RSA 265-A:2, I(a) (2014). To prove that a defendant is "under the influence of intoxicating liquor," the State need only prove impairment to any degree. <u>State v. Wiggin</u>, 151 N.H. 305, 308 (2004).

In this context, to "drive" a vehicle means "to operate or be in actual physical control of a motor vehicle." RSA 259:24 (2014). "To have 'actual physical control' of a motor vehicle, one must have the capacity bodily to guide or exercise dominion over the vehicle at the present time." <u>State v. Willard</u>, 139 N.H. 568, 570-71 (1995) (explaining that a person who is soundly asleep cannot have such a capacity, but "if circumstantial evidence were to prove that [the] defendant . . . started his car before falling asleep, he would have been in actual physical control of it while awake and in the driver's seat" (emphasis omitted)); <u>see</u> <u>also</u> Laws 2020, 20:1 (providing that the words "drive" and

"attempt to drive" for the purposes of RSA chapter 265-A "shall not include sleeping, resting, or sheltering in place in a vehicle parked in any place where parking is permitted, provided that the person is not seated at the controls of the vehicle").

The defendant argues that the evidence as to whether he was intoxicated while he was in "actual physical control" of his vehicle was solely circumstantial and, therefore, was insufficient because it did not exclude the reasonable conclusion that he was using his vehicle as a stationary shelter. The State asserts that there was both direct and circumstantial evidence. We agree with the State.

Direct evidence is evidence which, if accepted as true, directly proves the fact for which it is offered, without the need for the factfinder to draw any inferences. State v. Kelley, 159 N.H. 449, 454 (2009). By contrast, circumstantial evidence indirectly proves the fact for which it is offered and requires the factfinder to draw an inference. See State v. Newcomb, 140 N.H. 72, 80 (1995). Here, there was both direct and circumstantial evidence that the defendant was intoxicated while in actual physical control of the vehicle. Thus, for the evidence to be sufficient, it need not have excluded all reasonable conclusions except guilt. See State v. Morrill, 169 N.H. 709, 718 (2017). When, as in this case, there is both direct and circumstantial evidence of the elements of the crime, the defendant's sufficiency challenge must fail if the evidence, including the factfinder's credibility determinations, is such that a rational trier of fact could find guilt beyond a reasonable doubt, even if the evidence would support a reasonable conclusion other than guilt if the credibility issues had been resolved differently. See State v. Saunders, 164 N.H. 342, 351 (2012).

Viewing the evidence and the reasonable inferences therefrom in the light most favorable to the State, we conclude, as a matter of law, that the evidence was sufficient for the trial court to have found, beyond a reasonable doubt, that the defendant was intoxicated while he was in actual physical control of his vehicle. Here, there was evidence that the defendant was found by a police officer in a vehicle that was parked in a parking lot located across the street from a Tilton restaurant. The vehicle's taillights and headlights were on and its engine was running. The defendant was asleep in the driver's seat. When a police officer knocked on the window, the defendant opened his door, and the officer smelled a strong odor of alcohol coming from inside the vehicle. The defendant's speech was slurred, his eyes were bloodshot, and his movements were lethargic.

When asked about the odor of alcohol, the defendant initially denied that he had been drinking. He then admitted to having only two alcoholic drinks

2

while in the restaurant.  Later, he admitted that he had had three such drinks.  The officer subsequently administered the horizontal gaze nystagmus test, and the walk-and-turn and the "one-leg-stand" field sobriety tests with failing results.  The defendant refused to submit to either a preliminary breath test or a blood alcohol test.

At trial, the defendant testified that, after drinking two vodka and cranberry drinks at the restaurant, he drank three beers while sitting in his vehicle.  The defendant also testified that: after leaving the restaurant, he put his keys in the ignition and "turn[ed] [his] car on"; he consumed more alcohol while he was in his car; and after consuming that alcohol, he fell asleep behind the wheel of the vehicle, with its engine running and lights on.

This evidence and the reasonable inferences drawn therefrom, viewed in the light most favorable to the State, were sufficient for the trial court to have found, beyond a reasonable doubt, that the defendant was intoxicated when he was in actual physical control of his vehicle.  Like the defendant in Willard, the defendant in this case was found asleep in the driver's seat of his vehicle in a parking lot with the vehicle's engine running.  See Willard, 139 N.H. at 571.  Similar to the defendant in State v. Winstead, who testified that he "unlocked the door, sat in the driver's seat, pushed the clutch in, moved the gear selector to neutral, started the engine and turned on the heater," the defendant in this case testified that he put his keys in the ignition and turned the car on.  Winstead, 150 N.H. 244, 248 (2003).

Additionally, the defendant, like the defendants in Kelley, Wiggin, and Hull, admitted to having consumed alcohol, failed field sobriety tests, and exhibited signs of intoxication.  See Kelley, 159 N.H. at 455 (finding the evidence sufficient where, among other things, the defendant admitted to consuming alcohol, failed field sobriety tests, and had difficulty producing her registration); Wiggin, 151 N.H. at 309 (holding that evidence of intoxication was sufficient where officer noticed an odor of alcohol when he approached the defendant, observed the defendant's flushed face and bloodshot, glassy eyes, the defendant admitted to having consumed alcohol, the defendant failed five field sobriety tests, and refused to submit to a blood alcohol test); State v. Hull, 149 N.H. 706, 712 (2003) (determining that evidence of intoxication was sufficient where there was evidence that the defendant smelled of alcohol, had slurred speech and blood shot eyes, swayed while standing, performed poorly on field sobriety tests, refused to take a blood alcohol test, and admitted to having had three beers that evening).  We conclude, therefore, that the evidence in this case was sufficient for the trial court to have found, beyond a

reasonable doubt, that the defendant was intoxicated when he was in actual physical control of his vehicle.

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**