# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case Nos. 2020-0309, <u>State of New Hampshire v. Karen Folley</u>, and 2020-0310, <u>State of New Hampshire v James Folley</u>, the court on June 24, 2021, issued the following order:**

Having considered the briefs, memorandum of law, and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). The defendants, James Folley and Karen Folley, appeal the order of the Superior Court (<u>Nicolosi</u>, J.), following our decision in <u>State v. Folley</u>, 172 N.H. 760 (2020) (<u>Folley I</u>), amending its restitution orders in the defendants' criminal sentences upon the State's motion. <u>See</u> RSA 651:63, I (Supp. 2020). On appeal, the defendants argue that, because our mandate in <u>Folley I</u> did not remand the matter for the purpose of amending the restitution orders, the trial court lacked jurisdiction to do so. We affirm.

The defendants were convicted, following a joint jury trial, on two counts of theft by unauthorized taking. James Folley also was convicted on a third count of theft by unauthorized taking and an additional count of financial exploitation of an elderly adult. The defendants' victim, James Folley's elderly sister, had moved to an assisted living facility shortly before the thefts occurred. She died in 2017, prior to trial. The trial court sentenced the defendants to prison terms and ordered them to pay restitution.

Specifically, the court ordered James Folley to pay $90,030.27 in restitution. The court ordered the first $81,890.83 to be paid to the assisted living facility, for its lost revenue resulting from James Folley's crimes. The court ordered James Folley to pay the remaining amount, $8,139.44, to the victim's estate. The court likewise ordered Karen Folley to be jointly and severally responsible for paying $44,293.27 of the $81,890.83 restitution award to the assisted living facility. In <u>Folley I</u>, we affirmed the defendants' convictions, but reversed the award of restitution to the assisted living facility, concluding that it was not a "victim" as defined by RSA 651:62, VI (2016), because any revenue it lost was not a direct result of the defendants' criminal acts. <u>Folley I</u>, 172 N.H. at 772.

After we issued our mandate in <u>Folley I</u>, the State moved to amend the defendants' sentences so as to direct them to pay the restitution previously awarded to the assisted living facility directly to the victim's estate. The defendants argue that the trial court lacked jurisdiction to amend the restitution orders because we "affirmed in part and reversed in part," but did not remand the case to the trial court for any further action. We disagree.

Once we issue our mandate in any appeal, jurisdiction generally returns to the trial court.  Carleton, LLC v. Balagur, 162 N.H. 501, 506 (2011); Sup. Ct. R. 24.  We previously rejected a similar argument that trial courts may only engage in acts expressly authorized by the mandate.  See State v. Abram, 156 N.H. 646, 651 (2008).  Our mandate in Folley I did not prevent the trial court from modifying the restitution orders to direct that restitution previously awarded to the assisted living facility be paid directly to the victim's estate.[1] Accordingly, we find no error.  See id.

Finally, the defendants argue that the trial court violated their rights to due process under the State Constitution.  Because the defendants did not raise this issue with the trial court, we conclude that the issue is not preserved for our review.  See State v. Winstead, 150 N.H. 244, 246 (2003).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

---

[1] Because the parties do not argue that the victim's estate is not a "victim" within the meaning of RSA 651:62, VI, we assume for purposes of this appeal that the victim's estate is a "victim" for purposes of the statute.