**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0079, <u>K.G. v. A.G.</u>, the court on July 20, 2023, issued the following order:**

The defendant's "motion for paperwork," in which the defendant neither demonstrates prejudice nor requests specific relief, is denied. The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, A.G., appeals the order of the Circuit Court (<u>Luneau</u>, J.), following a hearing, granting a domestic violence final order of protection to the plaintiff, K.G. <u>See</u> RSA 173-B:5 (2022). The defendant argues that: (1) the trial court violated his right to confront the plaintiff under the sixth amendment to the Federal Constitution; and (2) the plaintiff knowingly made false statements under oath. We affirm.

The defendant first argues that the trial court violated his right to confront the plaintiff under the sixth amendment to the Federal Constitution. When the defendant raises a constitutional claim, it must be brought to the attention of the trial court in order to preserve the issue for appeal. <u>State v. Winstead</u>, 150 N.H. 244, 246 (2003); <u>see</u> <u>also</u> <u>In the Matter of Birmingham & Birmingham</u>, 154 N.H. 51, 56 (2006) (self-represented litigants are bound by the same procedural rules that govern parties represented by counsel). Because the defendant failed to bring his constitutional claim to the attention of the trial court, the issue is not preserved for appeal, and we decline to review it. <u>See</u> <u>Winstead</u>, 150 N.H. at 247.

The plaintiff presented her case by (a) reaffirming, under oath, the allegations in her petition and (b) through submission of exhibits accompanied by her lawyer's offer of proof. Although evidence in support of a restraining order should not be presented by offers of proof, <u>see</u> <u>Fam. Div. R.</u> 1.28(D), the defendant did not challenge the procedure at the hearing, nor does he raise this issue on appeal. The transcript reflects, however, that the defendant was given every opportunity to challenge and rebut the plaintiff's evidence. He introduced one exhibit, and though he referenced several others, he did not provide them to the trial court, or to this court. As such, he has failed to persuade us that his inability to "cross-examine" the plaintiff would have made a difference in the outcome of his case. <u>See</u> <u>State v. Lopez</u>, 156 N.H. 416, 425 (2007) (we will reverse a trial court for plain error if the error affected the outcome of the case). As the trial court notes in its order, here, the defendant's own testimony tended to support the plaintiff's need for a protective order.

The defendant next argues that the plaintiff knowingly made false statements under oath, and states that he "would now like to provide evidence to show how [the plaintiff] willfully lied to gain the court's favorable ruling." The defendant then makes new allegations to support his argument. However, on appeal, we consider only evidence and documents presented to the trial court. Flaherty v. Dixey, 158 N.H. 385, 387 (2009); see Sup. Ct. R. 13. After the plaintiff's offer of proof, the trial court gave the defendant his "turn to speak," and to address any issues he had with the plaintiff's testimony. Once offered this opportunity, the defendant did not accuse the plaintiff of knowingly making false statements under oath. Instead, the defendant stated that he would "like to go through some of their points that they had said," which he did, offering a different version of the events.

Before concluding the hearing, the trial court asked the defendant several times if there was anything further he wanted to tell the court. The defendant responded by offering additional testimony. Conflicts in testimony, questions about the credibility of witnesses, and evaluating the weight of the evidence are matters for the trial court to resolve. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011). We will uphold the trial court's findings unless they are unsupported by the evidence or erroneous as a matter of law, In re Craig T., 144 N.H. 584, 585 (1999). Based on our review of the testimony, we cannot conclude that the court erred by crediting the plaintiff's testimony and not crediting the defendant's testimony, or that the trial court's findings are unsupported by the evidence or erroneous as a matter of law. See id.

To the extent that the defendant's brief may be construed to raise additional arguments, we conclude that they are inadequately developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), and decline to address them, see Vogel v. Vogel, 137 N.H. 321, 322 (1993); see also Appeal of Omega Entm't, 156 N.H. 282, 287 (2007) (off-hand invocations of constitutional rights without support by legal argument or authority does not warrant extended consideration).

The plaintiff's request in her brief for an award of attorney's fees on appeal is denied.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**